Mr. Justice Johnson
delivered the opinion of the court.
The principle involved in this case, appears to me to have, been distinctly settled by this court, in the case of the State vs. Hardy Miles, and as 'I think on correct principles. I am aware that there are many cases' in which the party may be 'found guilty of an offence less than that which follows from the facts stated in the indictment; as on an indictment for an assault and'battery, the jury may find the assault only. So on an indictment for grand larceny, a verdict for petit larceny is good. And the saitie rule applies to'most offences of si compound characterand the reason is, the greater offence necessarily includes the minor, as in'the cases put,' every battery includes ah assault, and grand, Includes petit larceny; and'the' distinction appears to mt to depend solely on the question, whether the offence charged in the indictment is dependent dti some ofh<er, ansi *253 i.v.'i¡.oh 1: cannot be perpetrated, oris of itself a >- ubsíaríúu independent offence, or in other words, whether it is compound or simple ? If the former, the jury' may.determine which has been committed ; but if the lat■>er, they are not at liberty to substitute another; for a single fact only is put in issue. Let us apply this distinction to the present case. It will not be denied that the legislature have the. power to take away the benefit of clergy even from petit larceny, or that they have taken it away from horse-stealing, without regard.to value. The fact of stealing is then the only one put iu issue, the offence, therefore is simple, and not compound. One case of common occurrence will be a sufficient illustration. Burglary consists in the breaking and entering the mansion bouse of another in the night, with intern to commit some felony h, the name, whether such intention be executed or not,— (2 Chitty, Crim. Law, 484.) Now if the intention only he charged in the indictment, the jury can only find upen, that fact; but if the execution of the intention by stealing the-goods be also charged, the prisoner may be convicted of the less aggravated offence, and acquitted of the higher, (3 Chitty, 1099 ;) and for the very obvious reason, that in the first, one offence only is charged, and in the last two.
The argument opposed to this view of the subject is, that every larceny necessarily includes petit larceny, when the value of the thing stolen is more ’than twelve pence, and is therefore compound; and the authority relied on is (1 Hale P. C. 531.) The argument is already answered, The act takes avray the benefit of clergy front this offence without regard to the value of the horse ; and the case relied on seems to have arisen out of peculiar circumstances, and to have originated in the exercise of ait arbitrary discretion, supported by a distinction too refined to be tangible, and is at war with the general doctrine or. the subject; for it h expressly laid down that in this case (horse-stealing,) and some others of tbe same character. *be value of the property reed rot be proved, (2 Chitty, *254 Com. Law, 741.) And I ara led to the conclusion, that judgment, as for petit larceny, cannot be pronounced on the prisoner.
Growing out of this result,-the question arises whether this verdict amounts to an acquittal of the prisoner, or whether he, should oe ordered back lor trial ? Some of my brethren incline to the former opinion, but I think the latter is the correct course.
I concur in the general position that no man shall be twice tried for the same offence. It is a privilege secured by magna charla. Its application to the present case will be best tested by inquiring bow the prisoner is to avail himself of this protection, if" put on a second trial ? He must plead a former acquittal. Would the finding on this indictment support that plea ? I think not. It is already shewn that the verdict in this case was foreign to the charge against the prisoner, and is in that view of it no verdict ; and is precisely analogous to Bostick's case, decided in this court, when it was determined that if in the progress of the trial, the jury was broken, so that they could not pronounce a verdict, it was no acquittal, although the party had been put on bis trial. So in this case, if this heno verdict, the jury were permitted to disperse without a finding on the charge against the prisoner, and does not amount to an acquittal. The case of the Commonwealth vs. Olcot, (2 Johnson’s Cases in Error, 301,) is in point.
If this verdict is to be regarded as a sufficient finding ao to the offence charged, it is susceptible of another view.— Petit larceny is not the offence charged, and so much of the verdict as relates to it is only surplusage, and the defendant would stand convicted of the crime charged. I think, however, the former is the correct view; but the court, under the circumstances, would, in any view of it, send the case back, as the jury might have been influenced by the direction of the presiding Judge, in finding the prir soner guilty.
Dams, for the motion. .
——— contra.
It is therefore ordered that the prisoner he sent back to take his trial.
Justices Colcock and Huger, concurred.