O’Neall, J.
delivered the opinion of the Court.
Upon the 5th ground of. appeal, it may be remarked, that there is no absolute legal necessity for a survey. It is only proof which the parties may or may not resort to, as they think proper. If the case can be made sufficiently plain to be understood, without a plat, there is no use in a survey. On this occasion that seems to have been done. As to the 6th ground, it cannot be necessary to do more than to remark that the offence charged against the defendant is not created by statute: it exists at common law. The statute law was referred to, not to give character to the offence, but to show what were public ways. There was no more necessity to notice the statutes, in the indictment, than there would have been to have cited the Book, Chapter and Section in Haw-kin’s Pleas of the Crown, in which is described Highways. So too, as the law of the land, the statutes could be referred to by the Solicitor and the Judge, without being given in evidence. None save private Acts are to be given in evidence. The third and part of the second ground depend upon the evidence, and as that satisfied the jury, the Court will not, imless there was manifest error, interfere with their finding. The residue of the grounds challenge the correctness of the ruling of the Judge below, that this road, connecting, as it does, two public highways, if it had been used for twenty years, by all persons having occasion to pass over it, for pub- *65 Mg purposes, and had been Kept in repair by those interested in it, was a public road, for the obstruction of which an indictment for a nuisance would lie. The main objection to this ruling, as I understand the argument of the defendant’s counsel, is, that a public way cannot arise by prescription. There is certainly no ground in law on which this proposition can be maintained. It is true the public right arising from user does not arise from adverse use. It is the presumption, from lapse of time, that the owners of the land over which such a road runs, have dedicated the way to the public use. One of the cases on which the zealous counsel for the defendant relied, may be cited as an illustration of this principle. The Commonwealth v. Jameshow, 3 Pick. 409, was an indictment for obstructing a town way. It seems that, by a statute of Massachusetts, town ways can only be treated as highways when laid out by the authority of the selectmen of the town. In that case the way rested on prescription, and was therefore held to be private. Bid in that very case Judge Morton took occasion to state the principle, to disprove which, it was cited. He said, “ways of various kinds may be proved, not only by prescription, but by a continued use of them for a period much within the memory of man. And it cannot be doubted that public highways may be shown, by evidence of a user, as well as by the record of their laying out.” In 2d Smith’s Leading Cases, 136, the principle is stated, in reference to the mode in which a highway is created, in the following words; — “ except where this is done by the express enactment of the Legislature, it derives its existence from a dedication to the public, by the owner of the land over which the highway extends, of a right of passage over it; and this dedication, though it be not made in express terms, as it indeed seldom is, may and will be -presumed, from an uninterrupted use by the public of the right ' of way claimed.” These authorities, without adding others, which could be easily done, are amply sufficient to show that a public way may arise by prescription, which is but another name for the presumption of a grant to the State, by dedication. Three classes of ways exist in South Carolina: 1st, Highways, such as the great market and cross roads kept in repair by public authority; 2d, Private paths, as they are termed in our Acts of the Legislature, which are used for public purposes, diverging from or crossing the highways, and are free and common to all people, and are not by law to be kept in repair by the whole body of the people, but only such as may be interested in them, or the keeping in repair *66 of which is entirely voluntary ; 3d, Private ways. The two first, highways and private paths, may arise either from express enactment, or by being laid out by some lawful authority, or by a user for twenty years or more. Many of the great roads in South Carolina began in the Judian trails, or paths, and I think it would be difficult to find Acts of the Legislature, or orders of the County Courts, or Commissioners of the Roads, directing them to be laid out. The true test is in the general use, by all persons, for.public purposes, for an uninterrupted period of twenty years or more. In one respect, I think, there is a great difference as to the evidence from which a dedication to public use may be presumed, and prescription for a private way. In the latter no such right can arise in woodland, without some unequivocal act of adverse right, such as cutting out the road, or repairing it. The reason of that is obvious — a private way is an easement in favor of another, in derogation of the rights of the owner ; and hence is not to arise without clear, unequivocal proof of such facts as will give the right from the owner to the claimant. In the case of a public way, every man holds his land subject to the right of the State to lay out roads over it for public purposes. This being so, if the way be found to exist long enough to presume a dedication, the right to regard it as public, if its other characteristics be found, is made out. It is very true, that if a road be worked upon and kept in repair by the Commissioners, it is satisfactory evidence that it is a highway: but if it be not worked on by them, it does not follow that it'may not still be considered a public road. The case of the State v. Mobley, 1 McMull. 44, is an instance : there the road was not worked by the Commissioners, yet as it was laid out by the public authority, and had been an open road since ’98, some persons voluntarily working on it, and it was used by the neighborhood, it was held to be a public road, for the obstruction of which an indict-' ment would lie. Unless this was the law, bad indeed would be the condition of neighborhoods and communities to whose convenience these ancient ways are so essential. Any ill-natured man could obstruct such a way, and the matter could not be redressed. For an action at the instance of an individual or individuals will not lie. The public character of the way destroys the private action. The advantage of the proceeding by indictment is obvious. The public right is tried and the nuisance removed by one case, in which the defendant has all the means of defence which he could have in a private action. The only thing he can complain of is, *67 that he is not permitted the enjoyment of the selfish advantage of occupying his domain to the great detriment of the people, with precious little profit to himself.
The motion is dismissed.
Richardson, J. Evans, J. Frost, J. and Withers, J. concurred.
Wardlaw, J. concurred in the result.

Motion dismissed.