8297

CRAFT v. SEABOARD AIR LINE RY.

1. RAILROADS.—A TRAVELED PLACE as applied to a way across a railroad right of way must begin and end at a *public place;* must be used by the public generally and not by a limited community or class of people.

2. FOOT PATH.—The term *"public"* in a public foot path means the same as that term in a *public road.*

. 3. RAILROADS—TRAVELED PLACE.—A railroad company is not liable for an injury to one caused by falling in a hole on a path across its right of way which had been used by persons in one community, ending at a river and running through a pasture inclosed with barbed wire, the hole having been dug in the right of way for placing a derrick to work on the track, the path having been used only eight or ten years.

Before WILSON, J., Richland, October, 1911.    Affirmed.

Action by H. C. Craft against Seaboard Air Line Railway.    Plaintiff appeals.

*Messrs. Best & Cunningham* and *Porter McMaster,* for appellant.    *Messrs. Best & Cunningham* cite: *The defendant is liable whether the path connects two public places or not:* 67 S. C. 449; 75 S. C. 290; 90 S. C. 331.

*Messrs. Lyles & Lyles,* contra, cite: *Under the Mathews case the appellant cannot recover here:* 67 S. C. 499.    *Cases affirming the doctrine of that case and applicable here:* 68 S. C. 483; 72 S. C. 389; 82 S. C. 321; 75 S. C. 292; 86 S. C. 106; 90 S. C., 331.    *Same rules apply to acquisition of public pathway as to a public road:* 2 Strob. 60; 11 S. C. 360; 37 Cyc. 16.    *The use must be by the general public:* 39 S. C. 23; 63 S. C. 439, 494; 77 S. C. 494.    *And where the public have the right to travel:* 34 S. C. 292, 444; 41 S. C. 20; 47 S. C. 376; 59 S. C. 433.    *If the verdict should have been for defendant under any view of the case, then plaintiff has not been prejudiced:* 23 S. C. 96; 40 S. C. 193; 47 S. C. 60; 59 S. C. 508; 64 S. C. 519; 75 S. C. 158; 38 S. C. 305; 82 S. C. 180; 40 S. C. 152; 24 S. C. 503.

August 20, 1912.    The opinion of the Court was delivered by

MR. JUSTICE FRASER.    This is an action brought by the appellant against the respondent for personal injury.    The appellant's statement contains the following:

"The plaintiff brings this action against respondent herein, on account of injuries which he alleges to have received on the night of November the 3d, 1910, as he was returning to his home along a footway or pathway extending from Olympia avenue across the right of way of said defendant to a certain pasture and from thence to Congaree River. That while returning home along said pathway and on account of a hole being dug therein some five feet deep and five feet wide, being open and unprotected, that plaintiff fell therein. That all the testimony shows that said pathway as alleged in the complaint extended from a certain point on Olympia avenue across the right of way of the Seaboard Air Line Railway to a pasture which was used by the mill employees and from there on to Congaree River, where the mill employees often resorted for the purpose of fishing, hunting, pleasure and recreation. That the testimony shows that the pathway as alleged and described in the complaint had been used by the people of the mill neighborhood from eight to ten years without objection or protest on the part of the defendant and traveled frequently and continuously by the said mill people in going to the pasture and the Congaree River and in visiting each other in the community of the Olympia village, and that about five thousand people resided in the mill village and it is a surburb of Columbia."

While there is some conflict of testimony as to whether the path was made by the mill people or the railroad employees while some concrete and steel work was being done on the railroad, it is not important in the view we take of this case. It may be well to state further that the hole into which the plaintiff fell was in the pasture, and that at the entrance into and exit from the pasture the path was crossed by a barbed wire fence, and in order to cross the fence pedestrians pulled the strands of wire apart. There were gates to the pasture, but they were on the other side of the pasture. The testimony showed that the railroad company or its contractors (immaterial here) had made

some improvements in the track near by and afterwards the people walked nearer the track and at the time of the accident the path was partly overgrown with grass. The plaintiff himself testified as follows: "Now, Mr. Craft, you say the hole that night was grown up in grass? It was grown up and blown full of fine grass, grass all over it." Some months before the employees of the company had dug a hole directly in the path to put up a derrick. Thus completely blocking the path. Plaintiff testified at folio 56 of the case, "I traveled this path the last time, before my leg was broken, was when they had the derrick up there placing the machinery about and did not travel it any more until I got my leg broken."

There was a verdict for the defendant and plaintiff appealed upon six exceptions.

Appellant thus states the questions and we will adopt his statement:

"The plaintiff raises six exceptions to his Honor's rulings and they allege error on the part of his Honor in charging the defendant's 7th, 9th, 10th, 11th, 12th and 13th requests, and for convenience, these exceptions will here be treated together as they more or less embody the same propositions of law relative to the issues of the case, and to which the plaintiff excepts as being erroneous. The foregoing requests charged that in order for a pathway or 'traveled place' to be characterized as such, it must begin at a public place and end at a public place; must be used by the public generally, and not particular individuals; must be such a way as is common to all; that it must not be used by a limited community or class of people. It is respectfully submitted that under the law of this State (which will hereafter be set forth) that a pathway, footway or traveled place is not subject to those conditions incident to public roads."

The complaint alleged that "it was a place over which the public had a right to travel." The appellant also asked the presiding Judge to charge the jury as to right the public

have over the path and can not complain that the charge was not germain to the issue.

The appellant complains that his Honor applied to a public foot path the test of a public road. His Honor did not apply the whole test. There has been no sufficient reason suggested for holding that public in the one case should have one meaning and another meaning in the other.

The case of *The State* v. *Duncan,* 1 McCord 243, the Court said that a way leading from a highway and terminating at a private house or a particular neighborhood is not a public but a private way. *The State* v. *Randall,* 1 Strob. 110. The Court said that the ending of a way at a river where country produce was shipped was not public, for the use was for a particular purpose.

The case of *The State* v. *Gregg,* 2 Hill 387, says, a way to a church was not public but private. His Honor charged more favorably to the plaintiff than he was entitled. These exceptions as to a public use and public place can not be sustained.

The appellant, however, relies upon *Matthews* v. *Railway,* 67 S. C. 499, 46 S. E. 335, 65 L. R. A. 824, to show that he was entitled to a judgment. While this Court is not required to do more than pass upon the exceptions, it will, in order that it may not decide the case upon a technicality, consider the case according to the rules laid down in the Matthews case.

"While a railroad company cannot lose its right of way by alienation or prescription, because of the public's interest in its holding it for public purposes, it may impose upon itself as a private corporation duties and obligations to the public or to individuals, by inviting the use of the right of way, or indicating its willingness that it should be used by the public or particular individuals. In such circumstances, the duty devolves on the railroad company to exercise ordinary care to avoid injury to those so using the right of way. This

rule is not peculiar to railroads, but is of general application. The invitation need not be expressed in words, but may be implied in a number of ways; such, for instance, as the actual construction or repairing by the railroad company of a road or a bridge along the right of way, which would not be suggestive of any other use except travel on foot or in the ordinary vehicles of the country."

It would be impossible for the writer of this opinion to make a clearer statement than that.    Had the company done anything from which an invitation or permission could have been inferred?    On both sides of the hole and across the path there was a fence and on the path no provision for crossing.    The plaintiff said it was a barbed wire fence and he lifted it to get through.    We see no evidence from which an invitation or even a willingness could be inferred.

Besides this, the company not being able to surrender its right of way could reclaim the exclusive use at any time its public business required.    It did reclaim it and erected obstructions in the path itself, and of this obstruction the plaintiff knew.    Plaintiff himself said, "I traveled this path the last time, before my leg was broke, was when they had the derrick up there placing the machinery about and did not travel it any more until I got my leg broke."    The plaintiff knew that the invitation was at least temporarily withdrawn. If the invitation was ever renewed there is no evidence of it in the case.    One of the plaintiff's witnesses said the path is not there now and most of the people walk by the fill and not by the path.

It really does not make any difference whether this path was used by the public or by a particular class of people or by one person.

The defendant asks this Court to sustain the judgment appealed from on the ground that there is no evidence to sustain a judgment for the plaintiff.    We find that there is no evidence that the defendant invited or showed any willingness that the plaintiff should use this path.    Those who

use the right of way without invitation or willingness are trespassers and the railroad company owes them no duty except not to harm them wilfully or wantonly. The allegations of wilfulness and wantonness were withdrawn.

The deed to the Southbound Railway Company, referred to in plaintiff's argument, was introduced in evidence in the Circuit Court, but is not a part of the case before this Court, so that we have no means of making any finding as to what rights plaintiff had under that deed.

The judgment of this Court is that the judgment appealed from is affirmed.