## 9670

### STATE v. ALLEN.

#### (92 S. E. 193.)

1. DEDICATION—ESTABLISHMENT OF HIGHWAY BY USER—CHARACTER OF USE.—Mere use of a way by the public for the required time is not enough to establish dedication, but it must be shown that the use is general by all persons for such purposes.

2. HIGHWAYS—OBSTRUCTION—CHARACTER OF HIGHWAY — TERMINI.—In order for a road established by user to be a public road for the obstruction of which an indictment will lie, it must be shown that it terminated on both ends in a public road or public place.

3. HIGHWAYS—OBSTRUCTION—PROSECUTION — INSTRUCTION.—In a prosecution for the obstruction of a road which the State claimed had been established as a public road by user, where there was evidence that the road led through the land of another who had built a fence and house across it, an instruction that the obstruction of the road by the other did not excuse defendant was misleading, since, if the obstruction was placed across the road by the other before the road had become a public road, it prevented it from thereafter becoming a public road.

Before PRINCE, J., Barnwell, March, 1916. Reversed.

Paul H. Allen was convicted of obstructing a road, and he appeals.

FOOTNOTE.—As to public easement acquired by prescription, see notes in 11 L. R. A. 55, 56, A. & E. Ann. Cas. 1914d, 835.

*Messrs. J. W. Vincent* and *Harley & Best,* for appellant.

*Mr. Solicitor Gunter,* for the respondent.

: April 17, 1917.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The defendant was tried and convicted on the charge of obstructing a road in Barnwell county. The road was a neighborhood road.

At the conclusion of the testimony for the State the defendant asked for the direction of a verdict in his favor on the ground that the State had failed to prove its case. This motion was overruled, and this action of the Court is made the ground of the first exception. There was evidence, and this exception is overruled.

2. The other exceptions will be considered together. The appellant complains that his Honor, the trial Judge, charged the jury that the use by the public for 20 years would establish the public nature of the road; and that 20 years' disuse was necessary to destroy it.

In the case of the *State* v. *Washington,* 80 S. C. 379, 380, 61 S. E. 896, 897, this Court, quoting from the case of *State* v. *Sartor,* 33 S. C. L. (2 Strob.) 60, says:

"In the case of a public way every man holds his land subject to the right of the State to lay out roads for public purposes. This being so, if the way be found to exist long enough to presume a dedication, the right to regard it as public, if its other characteristics be found, is made out."

It appears, then, that the mere use by the public for the required length of time is not enough. There must be other characteristics.

In *State* v. *Floyd,* 39 S. C. 24, 17 S. E. 506:

"The true test is in the general use by all persons for public purposes for an uninterrupted period of 20 years or more."

In the case of *State* v. *Gregg,* 20 S. C. L. (2 Hill) 388, it is held that the use by the public to attend a church is not a general use, and in *State* v. *Duncan,* 12 S. C. L. (1 McCord) 253, it is held:

That both termini must be in a public highway or public place. "A way leading from a highway and terminating at a private house or in a particular neighborhood is not a public, but a private, way for the stopping of which an indictment will not lie."

In order for this road to be a public road, for the obstruction of which an indictment will lie, it must appear not only that it was used over the defendant's land, but that it terminated on both ends in a public road or public place.

There was evidence that tended to show that the road led through the land of the Priesters and that the Priesters had locked gates across the road and built a house on it. When his Honor told the jury that the fact that the Priesters may have obstructed the road and are liable to indictment did not excuse the defendant, Allen, the jury may have been misled, because, if the Priesters shut up the road before it had been used by the public for 20 years uninterruptedly, then it could not become a public road, as it started in a public road and ended at the Priesters line, which was not a public place. The road must have been used by the public uninterruptedly for 20 years. Before the question of abandonment arises, it must appear that there was a period of 20 years of uninterrupted use by the public for general purposes before it can be deemed a public road, for which an indictment will lie. The exceptions that raise these questions are sustained.

The judgment is reversed, and a new trial ordered.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS concur in the opinion of the Court.

MR. JUSTICE GAGE. I dissent. I think the Court distinctly directed the jury how the public might acquire a way, and how it might lose the right.

MR. JUSTICE HYDRICK concurs in the dissenting opinion of MR. JUSTICE GAGE.