## 10036

### STATE v. ALLEN.

(96 S. E. 401.)

1. CRIMINAL LAW—HARMLESS ERROR.—Refusal of the Solicitor to state whether an indictment was founded on the common law or on a statute was not reversible error, where defendant was not misled.

2. HIGHWAYS—ABANDONMENT.—The mere fact that county authorities agreed to give an old road for a new one which was constructed was not alone sufficient to show an abandonment of the old road.

3. HIGHWAYS—ABANDONMENT—PROOF.—In prosecution for obstructing neighborhood road, objection to defendant's question why witness had given land for a new road was properly sustained, where object was to show that it was the understanding that old road would be abandoned; mere understanding of individuals not destroying the rights of the general public.

4. CRIMINAL LAW — INSTRUCTION — REQUEST FOR DEFINITION.—A party cannot complain that a word in an instruction was not defined, where he made no request.

5. HIGHWAYS—OBSTRUCTIONS.—An opening of a new road equally convenient is not a defense to an indictment for obstructing the old road.

6. CRIMINAL LAW—REVIEW—DISCRETION—TRIAL.—Speeding the progress of a cause was not error, where no abuse of discretion, is shown, but it appears that much time was wasted.

7. CRIMINAL LAW—REQUESTED CHARGES.—The Court is not bound to accept requests to charge, where not presented as required by rules of Court.

8. CRIMINAL LAW—APPEAL—EXCEPTIONS.—An exception complaining of error in the whole case, as to both law and facts, is too general for consideration.

Before SEASE, J., Barnwell, Fall term, 1917. Affirmed.

Paul H. Allen was convicted of obstructing a public highway, and he appeals.

*Mr. J. W. Vincent,* for appellant, cites: *As to not requiring the solicitor to state whether the indictment was brought under the common law or under the statutes:* 14 Rich. L. 174; 48 S. C. L. 174; 2 Brev. 300; 4 S. C. L. 300; 1 N. & McC. 512; 12 S. C L. 512. *As to the county supervisor and county board of commissioners having proven to abandon a public road:* Civil Code 1912, section 1932. *As to*

*the absence of the necessity for the road being a complete defense:* 2 Bay. 282; 2 S. C. L. 282; 1 McMul. 44; 26 S. C. L. 44; 4 McC. 96; 15 S. C. L. 96. *Laying out a road to the use of public does not divert the title of the adjacent proprietors of the land on which it is projected, but their rights remain the same, subject to the easement created:* 18 S. C. 262. *When the reason for the existence of the road ceases, the right to use it likewise terminates:* 4 McC. 96; 15 S. C. L. 96. *There was no allegation in the indictment of adverse use and no proof. The evidence showed that a considerable portion of the road was through woodland pasture:* 62 S. E. 343. *A neighborhood road is not a public highway:* 11 S. C. 360. *As to his Honor's refusal to grant defendant's counsel time in which to prepare certain requests to charge:* 24 S. C. 142; Rule XI of the Circuit Court; 13 Fla. 636; 23 S. E. 413; 18 Cal. 635; 17 Mich. 9; 83 Pac. (Cal.) 43; 92 N. W. (N. D.) 809; 1 Ohio C. Ct. R. 301; 22 S. E. (W. Va.) 310. *As to requisites of a highway:* 1 McC. 72; 12 S. C. L. 72; 4 McC. 96; 15 S. C. L. 96. *As to right of reverter:* 18 S. C. 262; 9 Law Ed. 333. *As to the necessity for alleging and proving adverse use:* 68 S. E. 343.

*Mr. Solicitor Gunter,* for State-respondent, submits: *There is no giving the county commissioners jurisdiction over neighborhood roads:* Code of 1912, vol. I, sections 937 and 1932. *There was no pretense or contention that the indictment was under section 628, Crim. Code. There was sufficient evidence to sustain the indictment:* 74 S. C. 425; 54 S. C. 294; 80 S. C. 379. *If appellant wished terms more clearly defined, it was incumbent on him to present requests to that effect:* 76 S. C. 386. *Opening another way, equally convenient, is not a defense to an indictment for obstructing a road:* 11 S. C. 366. *Where the public has acquired the prescriptive right to use a road for traveling*

*purposes, and a person obstructs it, he violates the law as to obstructing a highway:* 54 S. C. 294; 80 S. C. 376; 2 Strob. 60.

July 17, 1918.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an indictment for obstructing a public highway, to wit, a neighborhood road, and has been to this Court before. See 107 S. C. 132, 92 S. E. 193. The defendant was again convicted, and this appeal is from the second conviction.

1. During the trial of the cause the defendant called upon the solicitor to state whether the indictment was founded on the common law or on the statute. To which the solicitor replied, "I am standing on the indictment." In argument in this Court the solicitor stated that he relied upon the common law. If a defendant is ignorant of the basis of the charge against him, it may be reversible error to refuse to inform him. This case had been tried before, and the basis of the decision was the common law. In appellant's proposed requests to charge, No. 7 was:

"Under the evidence here the defendant cannot be convicted under the statutes of this State, but the indictment is under the common law."

It seems, therefore, that the appellant was not misled, and there is no reversible error.

2. The second exception is that his Honor erred in holding that the county commissioners could not abandon a neighborhood road. There was evidence that the county commissioners had declared this road abandoned. There was some evidence offered that the county authorities agreed to give the old road for the new, but there was no evidence that they had done so. The question, therefore, is academic.

3. The next assignment of error is that his Honor refused to direct a verdict in favor of the defendant. There was evidence sufficient to carry the case to the jury. The statute was not in question.

4. The fourth exception complains of error in the exclusion of the testimony of the witness, Warner, as to why he had given his land for a new road: "It being respectfully submitted that the defendant had the right to show that it was the understanding of the citizens, when the new road was laid out and opened up, that the old road would be abandoned." It is very clear that the rights of the general public cannot be destroyed by the mere "understanding" of certain individuals in a particular community.

5. The fifth allegation of error is that his Honor did not define the word "adverse" in declaring the law as to adverse use of a neighborhood road. If the appellant desired a charge on a special feature of the law, he should have requested it. He did not, and cannot complain. The same thing applies to the failure to explain the word "abandonment," as complained of in the sixth exception.

6. The seventh allegation of error is that his Honor erred in charging the jury: "Opening a road another way, equally convenient, is not a defense for an indictment for obstructing a road."

There was no error here. The public has a right to two or more roads between two points.

7. The eighth exception complains that the charge as a whole is unintelligible. This cannot be sustained, as the charge appears to this Court to be clear.

8. The ninth exception complains of error in confusing a "neighborhood road" with a public "highway." His Honor described a "neighborhood road," and the charge was not misleading.

9. The tenth assignment of error is that his Honor unduly hastened the trial. There is no error here. Speeding the progress of a cause is someti·nes commendable. Not only has no abuse of discretion been shown, but that much time was wasted as is abundantly shown by the record.

10. The eleventh exception complains of error in not allowing appellant time to prepare requests to charge. The requests to charge were not presented as required by the rules of Court, and his Honor was not bound to accept them. This case had been tried before, and the appellant had ample time to comply with the rule.

11. The twelfth exception complains of error in the whole case as to both law and facts, and is too general for consideration.

The judgment is affirmed.