## 10316

### FANNING v. STROMAN.

(101 S. E. 861.)

1. HIGHWAYS—INDIVIDUAL MAY SUE FOR · OBSTRUCTION ONLY WHEN SPECIFICALLY AFFECTED.—Remedy for the obstruction of a public or neighborhood road is by indictments, unless the complaining party establishes some special damage to himself not common to the neighborhood and public.

2. HIGHWAYS—TERMINI OF PUBLIC ROAD MUST BE PUBLIC PLACES.—In order to constitute a public road, both its termini must be in a public highway or other public place.

3. HIGHWAYS—PERMISSIVE USE DOES NOT ESTABLISH PUBLIC ROAD.—A landowner permitting neighbors and occasional strangers to use a road over his property, as a matter of favor and not of right, does not thereby convert the road into a public highway.

4. HIGHWAYS—TERMINUS AT SWAMP NOT A PUBLIC TERMINUS.—The terminus of a road on edge of a swamp several hundred yards from a river landing with which it was connected by footpath through the swamp cannot be considered the terminus of a public road.

5. HIGHWAYS—EVIDENCE INSUFFICIENT TO SHOW ESTABLISHMENT OF PUBLIC ROAD.—Evidence that a road over defendant's property terminated at edge of a swamp, from which point a footpath ran several hundred yards through the swamp to a river landing used by several persons in hauling shingles and for fishing and picnic purposes, *held* to establish that the road was private and not public.

6. TRIAL—SUBMITTING ISSUE OUTSIDE PLEADINGS ERRONEOUS.—Submitting to the jury an issue not made by the pleadings is erroneous.

Before BOWMAN, J., Orangeburg, Summer term, 1918. Reversed.

Action by Curtis C. Fanning against Jacob Stroman and another. Judgment for plaintiff, and defendants appeal.

*Messrs. Adam H. Moss* and *M. E. Zeigler,* for appellants, submit: *Two of the necessary elements of a public road are lacking, it should have been used for public purposes, and it should have been used by the public generally:* 39 S. C. 24; 2d Hill 387; 1st McC. 243. *Both termini must be in a public highway or public place in order for the road to be a public road:* 107 S. C. 132; 1 Strob. 110. *Plaintiff cannot claim that he had acquired a private right of way over the road in question by use thereof with the public for more than twenty years, his claim of right being based upon an allegation that the road is public:* 14 Cyc. 1155. *The mere use of a way in common with the general public, although it may establish a public road, cannot establish a private right of way:* 14 Cyc. 1157; 1 Rich. 158; 2 Hill 256; 2 Hill 341; 6 Rich. 402; 54 S. C. 298. *It was the duty of the Court to define different kinds of easement:* 91 S. C. 133. *Under the testimony, an easement appurtenant or appendant could not be established:* 21 S. C. 211; 27 S. C. 209; 91 S. C. 129. *A right of way in gross cannot be transferred:* 34 S. C. 209; 91 S. C. 129. *Plaintiff could not prescribe for a right of way in gross:* 14 Cyc. 1140. *A private landing cannot constitute one terminus of a public road:* 1 Strob. 110. *The road should have been worked by plaintiff and those who claimed the right to use it, and the use should have been adverse:* 39 S. C. 25; 6 Rich. 396; 2 Hill 56; 2 Hill 341. *To be a public footpath it must have all the necessary requirements of a neighborhood road:* 92 S. C. 291.

*Messrs. Wolfe & Berry,* for respondents.

January 26, 1920.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action to recover damages resulting to the plaintiff from the obstruction, by the defendants, of a way leading over their lands to about 12 acres of land which the plaintiff had rented from one Tarrant; the damages extending over the years 1915, 1916 and 1917.

The demand in the complaint was not only for damages, but for an injunction *pendente lite* and for a permanent injunction restraining the defendants from obstructing the way.

After hearing of motion in the way of application for injunction before Judge Moore, who refused the same, and a demurrer to the complaint by Judge Townsend, who heard and overruled the same, but allowed the complaint to be amended, and later, allowed another amendment to the complaint, and after issue was finally joined, the answer of the defendants was a general denial, and set up that there had never been a public highway or neighborhood road, running over or across the lands, mentioned in the complaint, and that there was not nor had there ever been any road or path across their lands, dedicated to the public or any individual, by grant, deed, prescription, or otherwise. The case was tried by Judge Bowman, and a jury, at Orangeburg, in June, 1918, when the jury found for the plaintiff $75 damages, and Judge Bowman made an order restraining the defendants from closing the road in question to travel.

After entry of judgment, defendants appeal, and by ten exceptions complain of error: In not granting a nonsuit. In not directing a verdict as asked for by the defendants. Error in Judge's charge. Error in submitting to the jury whether or not the road in question constituted an easement to plaintiff's 12 acres of rented land, as this question was not before the Court either in pleadings or proof.

The complaint alleged the obstruction of "a public highway or a public neighborhood road." The evidence of the plaintiff and his witnesses was directed to prove the obstruction of a neighborhood road only.

It is well settled by the decisions of this Court that the obstruction of a public road, or a neighborhood road, which the public has acquired the right to use, or the maintenance of nuisance, wherein the public generally is effected,

1. must be by indictment, unless the party complaining alleges and proves some special damages to himself, wherein the neighborhood and public generally are not interested or affected.

The evidence in the case shows that the road in dispute was built by the father of the defendant, Jacob Stroman, across his land to the edge of the woods, and later extended by him to his fish trap in the swamp.

There is no effort to show that the road was dedicated and accepted as a public road, or that the plaintiff or the public ever worked on it. It leads from a public highway to a landing near Edisto River, and ends at the landing. It was used, up to the time of the obstruction, as a way to the landing for the purpose of getting shingles, fishing, fish fries, and picnics.

The whole evidence fails to show that the road in question was public, or that it was used by the public generally by all persons for public purposes, as a matter of right and not of favor, for an uninterrupted period of 20 years

2-5 or more. Both termini of a road must be in a public highway or public place in order for the road to be a public road. This principle is of importance since the adoption of the stock law in the State, where fencing is done away with. The owner has a plantation road over his place. He allows his neighbors to use it, and the occasional stranger, as a matter of favor, and not of right; does not churlishly refuse to allow its use permissively, and not as a matter of right. Under these circumstances it cannot ripen into a public road, and under no circumstances can it do so, unless both termini are in a public highway or public place.

The road in question ends on the edge of a swamp, several hundred yards from the shingle landing, and is connected

with the river through the swamp by a footpath. This cannot be construed as to constitute a terminus of a public road. The evidence here shows that the only persons who used the landing were three in number, in getting out and hauling shingles there, and used for fishing frolics and picnics. No other inference can be drawn from the evidence other than that the landing was private and not public, and that the road in question was private and not public. His Honor was in error in not granting nonsuit in the first instance, and in not granting a directed verdict in the second instance, as asked for by the defendants. These exceptions are sustained.

His Honor also was in error in submitting the question of private easement to the jury. The pleadings made no such issue. These exceptions are sustained. It is the judgment of this Court that the judgment be reversed, and complaint dismissed.

Judgment reversed.