12756

STATE v. DODENHOFF

(150 S. E., 315)

*Messrs. Brantley & Zeigler,* and *E. C. Mann,* for appellant,

*Solicitor N. R. Smith,* and *Adam H. Moss,* for respond-.ent,

November 6, 1929.

The opinion of the Court was delivered by MR. CHIEF JUSTICE WATTS.

This case was tried in the County Court of Orangeburg County on the 28th day of September, 1927, before Hon. B. H. Moss, County Judge, and a jury. The indictment charged the defendant with obstructing a neighborhood road. At the call of the case for trial, the defendant demurred to the indictment on the ground that it stated that both ends of the alleged "neighborhood road" terminated in a highway called the "Norway and Springfield Highway," about one mile apart; whereas to be a public neighborhood road, under the law, the termini would have to be in different highways,

or public places; that is to say, according to the demurrer, both termini of a neighborhood road could not be in the same highway. The County Judge overruled the demurrer. At the conclusion of the testimony, the defendant made a motion for a directed verdict, which was overruled. After the jury brought in a verdict of guilty, the defendant made a motion for a new trial, which was overruled by the County Judge. The defendant then appealed to the Supreme Court upon exceptions which are set forth in the transcript of record:

## "EXCEPTIONS

"(1) Because the County Judge erred in not sustaining the demurrer to the indictment and quashing the same; the error being that the indictment alleged that both ends of the road obstructed were in the same highway, which under the law destroyed the character of the obstructed road, as a public neighborhood road. To be a public neighborhood road, each end thereof must have been in a different public highway, or at a different public place.

"(2) Because the County Judge erred in overruling the motion of the defendant for a directed verdict; the error being that he should have held that the testimony showed conclusively that the road in question was the same road which had been passed upon by the Supreme Court in the *Fanning-Stroman case,* 113 S. C., 495, 101 S. E., 861, where it was held that the same was a private road, and not a public neighborhood road.

"(3) Because the trial Court erred in overruling the motion of the defendant for a directed verdict; the error being that he should have held that the testimony showed that the road in question had not been used by the public generally for public purposes for a period of twenty years or more.

"(4) Because the trial Judge erred in his charge to the jury on the necessary elements of a public neighborhood

road; the error being that he failed to charge the jury that, to constitute a public neighborhood road, it would have to be shown that it had been used by the public generally for public purposes for a period of twenty years or more. The Judge did not mention the element of public purpose in his charge to the jury.

"(5) Because the trial Court erred in refusing the motion of the defendant for a new trial; the error being as follows: (a) Because the only reasonable inference that could be drawn from the testimony was that the obstructed road was the same road that was in question in the case of *Fanning v. Stroman,* 113 S. C., 495, 101 S. E., 861; (b) because the only reasonable inference that could be drawn from the testimony was that the obstructed road had not been used by the public and by the people generally for public purposes for a period of twenty years or more."

The exceptions are overruled. There was a conflict of testimony, and his Honor properly submitted it to the jury. Both termini of a neighborhood road must be a public highway or public place. *State v. Allen,* 107 S. C., 134, 92 S. E., 193; *Fanning v. Stroman,* 113 S. C., 498, 101 S. E., 861.

The evidence shows that it begins at the Holman Bridge road and ends in the Holman Bridge road. It comes back into the Holman Bridge road about a mile and one-quarter from where it leaves it. The Court said in *Fanning v. Stroman,* 113 S. C., 498, 101 S. E., 861, 862:

"The whole evidence fails to show that the road in question was public, or that it was used by the public generally by all persons for public purposes, as a matter of right and not of favor, for an uninterrupted period of twenty years or more. Both termini of a road must be in a public highway or public place in order for the road to be a public road."

His Honor charged the law properly, and left the facts to the jury.

It has been decided by this Court as follows:

 "If the plaintiffs desired the terms more clearly defined, it was incumbent on them to present requests to that effect." *Township Commissioners v. Mfg. Co.,* 76 S. C., 386, 57 S. E., 201, 202.

"If the appellant desired a more extended charge, it was his duty to embody his propositions in the form of a request to charge." *Sanders v. R. R. Co.,* 93 S. C., 550, 77 S. E., 289, 290.

"If the appellant desired a charge on a special feature of the law, he should have requested it. He did not, and cannot complain." *State v. Allen,* 110 S. C., 281, 96 S. E., 401, 402.

The exceptions are without merit, and are overruled and judgment affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE, STABLER, and CARTER concur.