15963

LAMB v. PACOLET MFG. CO. *ET AL.*
(48 S. E. (2d) 858)

*Messrs. Osborne, Butler & Moore,* of Spartanburg, for Appellants, cite:

*Messrs. Carlisle, Brown & Carlisle,* of Spartanburg, and *Messrs. Barron & Barron,* of Union, for Respondent.

June 20, 1947.

TAYLOR, J.: This is an appeal from an order of Judge G. Duncan Bellinger reversing an award of the South Caro-

lina Industrial Commission which had denied compensation to the plaintiff on the grounds that respondent's injury did not arise out of and in the course of her employment. The claimant was an employee of the Pacolet Manufacturing Company, a textile plant in Spartanburg County, operating under the provisions of the Workmen's Compensation Act, Code 1942, § 7035-1 *et seq.,* with Liberty Mutual Insurance Company as its carrier. The mill had built and maintained on its property concrete steps and walkways "for the convenience of getting the employees from the mill village to the mill itself." They extend from the street to a mill door, a distance of some 50 to 75 yards.

On the morning of December 23, 1942, the claimant proceeded along the street until she came to a set of 16 concrete steps which had no handrail for support, four to five feet in width leading down from the street to a walkway at a lower level which led directly to the mill door. The street and steps were heavily coated with sleet and ice.

The Hearing Commissioner, whose award was adopted *in toto* as the award of the Full Commission, in his statement of the case, says: "It seems that these steps and the cement walk were installed by the mill and is maintained by the mill for the convenience of getting the employees from the mill village to the mill itself. However, this is a public thoroughfare not fenced in or posted, to be used by the mill employees exclusively. Therefore, it must be classed as a public thoroughfare." And a study of the award in this case shows that it was upon this finding that compensation was denied.

The Honorable G. Duncan Bellinger, upon appeal to the Circuit Court, reversed the award of the Industrial Commission, saying in effect that the question as to whether or not the steps are a part of the public thoroughfare is a question of law; that while the street running in front of the employer's mill may be a public way, the steps leading from this street to the entrance of the mill contains none of the

elements which would make it a public way; that the main and primary reason for erection of the steps was to provide a means of ingress and egress to the employees of the mill; that while members of the general public are permitted to use the steps for the purpose of calling at the mill on business or other proper purposes, there is no evidence that the public makes any extensive use of the steps; and it is unreasonable to suppose that the public would make such use as they lead only to the employer's mill. The fact that the steps in question are used by some, other than employees going to and from work, with the acquiescence or consent of the mill owners does not change the character of this way from a private to a public way; that the steps when covered with ice were inherently dangerous which the employer well knew and should have known; that under the evidence there can be but one legal conclusion and that is that the claimant at the time she received her injuries was on a part of the employer's premises and therefore her injuries arose out of and in the course of her employment as much as though it had happened while the employee was engaged in her work at the place of its performance. The Order then provides that the findings and conclusions of the Commission be reversed and the case be remanded to the Industrial Commission for further proceedings consistent with its terms. The employer and its carrier now appeal to this Court upon exceptions which raise two issues: (1) whether or not respondent's injuries as a matter of law arose out of and in the course of her employment, and (2) whether or not the Commission was erroneously reversed on question of fact found by the Commission.

In *Eargle v. South Carolina Electric & Gas Co.*, 205 S. C. 423, 32 S. E. (2d) 240, 243, the Supreme Court quoted with approval from *Bountiful Brick Co. v. Giles*, 276 U. S. 154, 48 S. Ct. 221, 222, 72 L. Ed. 507, 66 A. L. R. 1402, the following: " 'And employment includes not only the actual doing of the work, but a reasonable margin of time and space necessary to be used in passing to and from the

place where the work is to ' ⸱ done. If the employee be injured while passing, with ıe express or implied consent of the employer, to and frc ı his work by a way over the employer's premises, or ove¹ those of another in such proximity and relation as to be .ı practical effect a part of the employer's premises, the injı ry is one arising out of and in the course of the employment as much as though it had happened while the employee was engaged in his work at the place of its performance. In other words, the employment may begin in point of time before the work is entered upon and in point of space before the place where the work is to be done is reached.' "

Appellant relies upon the case of *Gallman v. Springs Mills,* 201 S. C. 257, 22 S. E. (2d) 715, where this Court reversed an award under the Workmen's Compensation Act for injuries received by slipping upon ice on a mill village street which was owned by the employer and used primarily for the public, the street in the *Gallman case* being a public thoroughfare; while here we have the steps and walkway leading from what might be a public thoroughfare to the door of the employer's place of business. They did not begin and end at a public place of business and were not used by the public generally, but were built and maintained by the employer for the use of its employees, and such other persons as used this way did so with the acquiescence or consent of ⸱the mill owners. This Court is of the opinion that the learned Circuit Judge was correct in holding that whether or not these steps were a private or public thoroughfare is a question of law, and that the testimony does not warrant the conclusion of law that the steps are part of a public thoroughfare. *State v. Duncan,* 12 S. C. L. 404, 1 McCord 404; *State v. Gregg,* 20 S. C. L. 387, 2 Hill 387; *Smith v. Kinard,* 20 S. C. L. 642, 2 Hill 642; *State v. Allen,* 107 S. C. 132, 92 S. E. 193; *Craft v. Seaboard Airline Railway,* 92 S. C. 291, 75 S. E. 501; *Fanning v. Stroman,* 113 S. C. 495, 101 S. E. 861.

A study of the Industrial Commission's findings and award shows that they were based to a great extent upon this error of law; therefore, the Order of the Circuit Judge is affirmed and the case remanded to the Industrial Commission for further proceedings consistent therewith.

This Court will not pass upon the second question presented in this appeal as it is a question of fact which may be affected by the rehearing thereon; since questions of fact which have been determined by the Commission are binding upon the Circuit Court and this Court if there is any competent evidence to support such findings, nothing said herein is to be considered as any indication of this Court's opinion thereabouts.

Judgment affirmed.

BAKER, CJ., and FISHBURNE, STUKES and OXNER, JJ., concur.