18311

Sarah C. WILLIAMS, Respondent, v. SOUTH CAROLINA STATE HOSPITAL and State Workmen's Compensation Fund, Appellants

(140 S. E. (2d) 601)

378

*Messrs. Daniel R. McLeod, Attorney General, David Aiken, Assistant Attorney General,* and *Whaley & McCutchen,* of Columbia, *for Appellants,*

*Messrs. H. V. Sandifer* and *Albert J. Dooley,* of Lexington, *for Respondent,*

February 25, 1965.

LEWIS, Justice.

This is an appeal by the South Carolina State Hospital from an order of the circuit court affirming an award of the Industrial Commission for Workmen's Compensation benefits to Sarah C. Williams, an employee of the hospital. The award was for injuries sustained by the employee when she slipped and fell while walking from the building where she worked to an automobile parking area located on the hospital premises. The issue made by the hospital in this appeal is that the circuit court erred in sustaining the conclusion of the Industrial Commission that the employee's injury arose out of and in the course of her employment.

The material facts are not in dispute. The claimant, Sarah C. Williams, was employed as a nurse's aide at the South Carolina State Hospital in Columbia, and worked in a ward in what is known as the Center Building during the hours from 7:00 a. m. to 3:30 p. m., each day. In going to work, she drove her car through the main entrance gate to the hospital premises, and along a street or drive maintained

by the hospital to a parking area near the Center Building where she parked her car for the day. The place where she parked was on the side of the street, adjacent to the curb, and was maintained and designated by the hospital as a nurse's parking area. From this parking area, she walked a short distance, partly over a brick sidewalk, to the building where she worked. This sidewalk was on the most direct route from the car to the building.

Claimant's injuries were sustained on January 26, 1963, while walking from the building to her car. She had completed her duties in the ward and was in the act of leaving the premises for the day. It had been raining and mud had accumulated in one area on the sidewalk. This mud adhered to her shoes and, just before she reached her car, her foot slipped off the curb, causing her to fall and sustain injury to her back.

Therefore, the issue in this case involves a determination of whether the injury sustained by the employee immediately after completing the day's work, and while walking over the employer's premises to reach her car which was parked in the employer maintained parking area, arose out of and in the course of her employment. The general legal principles which govern the decision are well settled.

To sustain an award under the Workmen's Compensation Act, it must appear that the injury resulted from an accident which both "arose out of" and "in the course of" the employment. Section 72-14, 1962 Code of Laws.

The term "arose out of" refers to the origin of the cause of the accident, while the term "in the course of" refers to the time, place and circumstances under which the accident occurred. *Eargle v. South Carolina Electric & Gas Co., et al.,* 205 S. C. 423, 32 S. E. (2d) 240.

We have held, as a general rule, subject to certain exceptions recently stated in *Sola v. Sunny Slope Farms,* 244 S. C. 6, 135 S. E. (2d) 321, that an injury sustained by an

employee while on his way to or from work, and away from the premises of the employer, does not arise out of and in the course of the employment. *Gallman v. Springs Mills,* 201 S. C. 257, 22 S. E. (2d) 715. These cases, however, have no application here, since the claimant sustained her injury while on the premises controlled by her employer.

Applicable to the present situation is the following from the case of *Bountiful Brick Co. v. Giles,* 276 U. S. 154, 48 S. Ct. 221, 222, 72 L. Ed. 507, 66 A. L. R. 1402 (quoted with approval in *Eargle v. South Carolina Electric & Gas Co., et al., supra,* 205 S. C. 423, 32 S. E. (2d) 240 and *Lamb v. Pacolet Mfg. Co.,* 210 S. C. 490, 43 S. E. (2d) 353) :

"And employment includes not only the actual doing of the work, but a reasonable margin of time and space necessary to be used in passing to and from the place where the work is to be done. If the employee be injured while passing, with the express or implied consent of the employer, to or from his work by way over the employer's premises, or over those of another in such proximity and relation as to be in practical effect a part of the employer's premises, the injury is one arising out of and in the course of the employment as much as though it had happened while the employee was engaged in his work at the place of its performance. In other words, the employment may begin in point of time before the work is entered upon and in point of space before the place where the work is to be done is reached."

The fact that the accident occurred shortly after the claimant had left her immediate place of work is not conclusive. A reasonable length of time must be given an employee to separate himself or herself from the place of work. The employment contemplated her entry upon and departure from the place of work as much as it contemplated her working there, and must include a reasonable interval of time for that purpose. It is true that an accidental injury is not rendered compensable by the mere fact that it occurred on the employer's premises; but the fact that the

claimant was rightfully upon the premises controlled by the employer, as a result of her employment, and was leaving over the employer's premises as contemplated at the close of the day's work, made the act of leaving "in the course of" her employment.

The claimant parked her automobile on the premises of her employer in a parking area designated and maintained for employees in her classification to use. It is reasonably inferable from the record that the parking area was maintained by the employer that the mutual benefit of the employer and the employees. It was necessary that the hospital provide means of ingress and and egress for the use of its employees in going to and from their place of work. This was just as necessary as the maintenance of its buildings. The claimant was at the time of her injury proceeding by the most direct route from the building where she worked to the employer maintained parking area. In walking to her car, mud, which had washed over the brick sidewalk, adhered to her shoes making them slick and causing her to slip and fall. The act of claimant in walking from the building where she worked to the parking area was just as much a reasonable incident to her leaving the place of her work as walking from the ward where she worked along a hallway to the door of the building. We think that the injury to claimant resulted from a risk reasonably incident to her employment and "arose out of" the employment.

The record amply sustains the finding of the Commission that the claimant sustained an accidental injury which arose out of and in the course of her employment.

The conclusions reached herein are in accord with the weight of authority in other jurisdictions. See: Larson's Workmen's Compensation Law, Section 15 and subsections thereunder; 58 Am. Jur., Workmen's Compensation, Section 221; 99 C. J. S., Workmen's Compensation, § 234; Annotations: 49 A. L. R. 424, 82 A. L. R. 1043.

Affirmed.

Taylor, C. J., and Moss, Bussey and Brailsford, JJ., concur.