1535

Helen P. CAMP, Employee, Respondent v. SPARTAN MILLS, Employer, and Liberty Mutual Insurance Company, Carrier, Appellants.

(396 S.E. (2d) 121)

Court of Appeals

*Stanley T. Case* and *Elford H. Morgan,* both of *Butler, Means, Evins & Browne,* Spartanburg, *for appellants.*

*James C. Cothran,* of *Holcombe, Bomar, Wynn, Cothran & Gunn;* and *Robert M. Holland,* Spartanburg, *for respondent.*

Heard May 8, 1990

Decided Aug. 27, 1990

*Per Curiam:*

This is a worker's compensation case. Helen P. Camp filed a claim against Spartan Mills, her employer, and Liberty Mutual Insurance Company, Spartan Mills' insurance carrier. The single commissioner denied benefits. The full commission affirmed the single commissioner. Camp appealed to the circuit court which reversed the full commission and remanded for determination of the amount of the award. Spartan and Liberty appeal. We reverse.

On the day of Camp's accident, she worked the 11:00 p.m. to 7:00 a.m. shift. When she finished her shift, eight to ten inches of snow and ice covered the ground. Snow was still falling. Because her own car was snowbound, Camp arranged a ride with a friend who owned a jeep. She waited in the guard house on the employer's parking lot until about 9:30 a.m., when she learned that the jeep would not start. Camp then telephoned her daughter to ask for a ride home. She remained in the guard house awaiting her daughter's arrival. At about 11:00 a.m., Camp's daughter and son-in-law arrived to take her home. In their company, Camp began crossing the street between the mill's two parking lots when she slipped and fell on the snow and ice injuring her leg. This worker's

compensation claim followed.

The commission found that Camp's employment had ended for the day when she began her journey home with her family several hours after her shift was completed and, therefore, Camp did not sustain an injury by accident arising out of and in the course of her employment.

The following question is presented to us: "Was Camp in the course of her employment with Spartan when she slipped and fell in the street?"

Judicial review of the commission's order is limited to determining whether the findings are supported by substantial evidence. *Lowe v. AM-CAN Transport Services, Inc.*, 283 S.C. 534, 324 S.E. (2d) 87 (Ct. App. 1984). Substantial evidence is that evidence which would allow reasonable minds to reach the conclusion the full commission reached. It is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent the commission's finding from being supported by substantial evidence. *Suburban Propane Gas Company v. Deschamps*, 298 S.C. 230, 379 S.E. (2d) 301 (Ct. App. 1989).

The course of employment includes not only the actual doing of the work, but also a reasonable margin of time and space to use in passing to and from the place where the work is done. *Williams v. South Carolina State Hospital*, 245 S.C. 377, 140 S.E. (2d) 601 (1965). The act of leaving the employer's premises is "in the course of" one's employment if the employee leaves the premises as contemplated at the close of the work day. *Id.*

In this case, substantial evidence supports the commission's finding that Camp was no longer in the course of her employment when she fell. Camp chose not to drive her own car, but to wait for someone else to take her home. One witness testified that a coworker offered Camp a ride earlier in the morning. Camp decided to wait on her daughter and son-in-law. Reasonable minds could conclude that in the circumstances a delay of four hours exceeded a reasonable margin of time for leaving her workplace, even with the inclement weather.

Accordingly, the circuit court erred in substituting its judgment for that of the commission. *Brown v. R.L. Jordan Oil*

*Company*, 291 S.C. 272, 353 S.E. (2d) 280 (1987) (on review of decision of Industrial Commission, trial judge is not permitted to substitute his own findings of fact for those of the Commission).

Reversed.