492 S.E.2d 807

**Annie EVANS, Employee, Appellant,**

v.

**COATS & CLARK, Employer, and Royal Insurance Company of America, Carrier, Respondents.**

**No. 2722.**

Court of Appeals of South Carolina.

Submitted Sept. 9, 1997.

Decided Sept. 29, 1997.

Rehearing Denied Nov. 20, 1997.

Andrew C. Barr, of Fulton & Barr, Greenville, for appellant.

Duke K. McCall, Jr., of Leatherwood, Walker, Todd & Mann, Greenville, for respondent.

GOOLSBY, Judge:

Annie Evans appeals a circuit court order upholding a determination by the South Carolina Workers' Compensation Commission that she did not sustain an injury by accident arising out of and within the course and scope of her employment with her employer Coats & Clark, Royal Insurance Company of America's insured. We hold she did so and reverse.[1]

Evans alleged she sustained an injury by accident arising out of and within the course and scope of her employment when she slipped on a marble floor while leaving work through the lobby of the building in which Coats & Clark leased office space on the third floor. The lobby was one of several routes Coats & Clark employees regularly took when going to and coming from Coats & Clark's office and was not an area owned, leased, controlled, or maintained by Coats & Clark. At the time Evans fell, she had completed her work and intended to go home.

The single commissioner awarded Evans benefits. In a split decision, however, the commission reversed, bottoming its conclusion that Evans did not suffer a compensable acci-

---

1. Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

dent on the fact that Coats & Clark did not own, control, or maintain the area in question. The circuit court affirmed the commission, citing the Georgia case of *City of Atlanta v. Spearman,* 209 Ga.App. 644, 434 S.E.2d 87 (1993), *cert. denied* (October 12, 1993), which disallowed workers' compensation benefits for an injury occurring in a parking lot that was not owned, controlled, or maintained by the employer.

■ This case, however, does not involve a parking lot but a common area situated in the lobby of the building that housed Evans's place of employment. "When the place of employment is a building, it is not necessary that the employer own or lease the place where the injury occurred. It is sufficient if the employer has some kind of right of passage, as in the case of ... elevators [or] lobbies...." 1 Arthur Larson, *Workers' Compensation Law,* § 15.43 (1997) (footnotes omitted); *see De Howitt v. Hartford Fire Ins. Co.,* 99 Ga.App. 147, 108 S.E.2d 280, 282 (1959) ("Where the employer's place of business is located in a building of which it occupies only a part, and two ways through the building are the only means of ingress and egress to and from such place of business, both ways are parts of the employer's premises within the meaning of the workmen's compensation law...."). Thus, the general rule that "an injury sustained by an employee on his way to or from work and away from the premises of the employer does not arise out of and in the course of employment" [*Holston v. Allied Corp.,* 300 S.C. 174, 176, 386 S.E.2d 793, 794–95 (Ct. App.1989)] is inapplicable here because the lobby was, for purposes of workers' compensation, the premises of Evans's employer, Coats & Clark.

We hold Evans's accident arose out of and within the course and scope of her employment and remand the case to the commission for a determination of benefits.

**REVERSED AND REMANDED.**

CURETON and CONNOR, JJ., concur.