**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Nathalie I. Davaut, Employee, Claimant, Appellant,

v.

University of South Carolina and State Accident Fund, Respondents.

Appellate Case No. 2013-001778

———————

Appeal From The Workers' Compensation Commission

———————

Unpublished Opinion No. 2015-UP-041
Heard November 5, 2014 – Filed January 21, 2015

———————

**AFFIRMED**

———————

Paul L. Reeves, Reeves Law Firm, LLC, of Columbia, for Appellant.

Paul Linwood Hendrix, Jones & Hendrix, PA, of Spartanburg, for Respondents.

———————

**PER CURIAM:**  Nathalie I. Davaut appeals the order of the Appellate Panel of the South Carolina Workers' Compensation Commission denying her benefits.  On appeal, Davaut argues the Appellate Panel erred in finding she did not suffer an injury arising out of and in the course of her employment.

Davaut urges this court to consider *Williams v. South Carolina State Hospital*, 245 S.C. 377, 140 S.E.2d 601 (1965), and contends that case "answers the question" of the compensability of her injury. However, the claimant in *Williams* was injured while walking over the employer's premises, 245 S.C. at 379, 140 S.E.2d at 602; in contrast, Davaut was injured on a public street that was not owned or maintained by her employer. Therefore, we reject her assertion that the facts of this case align with *Williams*. *See Howell v. Pac. Columbia Mills*, 291 S.C. 469, 474, 354 S.E.2d 384, 386 (1987) ("[A]ppellant contends that this case is on all fours with [*Williams*]. This contention is without merit. In *Williams*, the claimant was injured on the employer's premises. In the present case, appellant was injured on a public street." (citation omitted)).

"The claimant has the burden of proving facts that will bring the injury within the workers' compensation law." *Houston v. Deloach & Deloach*, 378 S.C. 543, 553, 663 S.E.2d 85, 90 (Ct. App. 2008). "The general rule in South Carolina is that an injury sustained by an employee away from the employer's premises while on his way to or from work does not arise out of and in the course of employment." *Howell*, 291 S.C. at 471, 354 S.E.2d at 385. Davaut maintains she was injured on a public street in close proximity and so close in relation as to be in practical effect a part of her employer's premises, and her injury was subsequently compensable. *See Medlin v. Upstate Plaster Serv.*, 329 S.C. 92, 96, 495 S.E.2d 447, 449 (1998) ("[I]njury incurred by a workman in the course of his travel to his place of work and not on the premises of his employer but in close proximity thereto is not compensable *unless* the place of injury was brought within the scope of employment by an express or implied requirement in the contract of employment of its use by the servant in going to and coming from his work." (emphasis added)); *Williams*, 245 S.C. at 381, 140 S.E.2d at 603 ("If the employee be injured while passing, with the express or implied consent of the employer, to or from his work by a way over the employer's premises, *or over those of another in such proximity and relation as to be in practical effect a part of the employer's premises*, the injury is one arising out of and in the course of the employment . . . ." (emphasis added) (citation omitted)).

Davaut was injured while walking across Hubbard Drive towards the parking lot at the Carole Ray Dowling Center. She admitted that faculty members parked in the Dowling Center lot "sometimes, probably not very often," and assistant librarian David Helwer testified the Dowling Center lot "meant nothing to [him]" before Davaut's accident. Moreover, while the Dowling Center lot was located on the north side of Hubbard Drive, all faculty parking was located on the south side. Hence, there is substantial evidence supporting the Appellate Panel's decision that

Davaut's injury on Hubbard Drive did not arise out of and in the course of her employment. *See Gadson v. Mikasa Corp.*, 368 S.C. 214, 221, 628 S.E.2d 262, 266 (Ct. App. 2006) ("Pursuant to the APA, this Court's review is limited to deciding whether the appellate panel's decision is unsupported by substantial evidence or is controlled by some error of law."). Accordingly, we affirm the Appellate Panel.

**AFFIRMED.**

**FEW, C.J., LOCKEMY, J., and CURETON, A.J., concur.**