# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Nathalie I. Davaut, Employee, Claimant, Petitioner,

v.

University of South Carolina and State Accident Fund, Respondents.

Appellate Case No. 2015-001218

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from the South Carolina Workers' Compensation Commission

---

Opinion No. 27673
Heard May 18, 2016 – Filed October 26, 2016

---

## REVERSED AND REMANDED

---

Paul L. Reeves, of Reeves Law Firm, L.L.C., of Columbia, for Petitioner.

Paul L. Hendrix, of Jones & Hendrix, P.A., of Spartanburg, for Respondents.

---

**JUSTICE KITTREDGE:** Petitioner Nathalie I. Davaut appeals the denial of her claim for workers' compensation benefits for injuries she sustained attempting to leave her workplace. We now reverse the court of appeals, which upheld the Workers' Compensation Commission's denial of those benefits. *Davaut v. Univ. of*

*S.C.*, Op. No. 2015-UP-041 (S.C. Ct. App. filed Jan. 21, 2015).  As discussed below, we reject the suggestion that this case is controlled by the "going and coming" rule, which generally precludes workers' compensation benefits for injuries sustained while an employee is traveling to and from work.  We adopt the so-called "divided premises" rule and hold that when an employee travels from one portion of her employer's property to another over a reasonably necessary and direct route, the employee remains in the course of her employment for purposes of workers' compensation.  We thus remand this case to the Workers' Compensation Commission for a determination of benefits.

## I.

Petitioner, a French and Spanish professor at the University of South Carolina Lancaster (USCL), was injured walking to her car after work on February 16, 2012.  Petitioner had been reviewing résumés in the library on behalf of a search committee looking to hire a new Spanish professor.  She left the library, where the résumés were on reserve, when it closed at 9 p.m.  To reach her car, which was in a university lot provided for faculty and student parking,[1] Petitioner was required to cross Hubbard Drive (the Street), which bisects USCL's campus.  While crossing the Street, Petitioner was struck by a vehicle and injured.  It is undisputed that the Street and the crosswalks that span it are not owned or controlled by Petitioner's employer, the University of South Carolina (USC);[2] rather, they are maintained and controlled by the City of Lancaster.  However, it is also undisputed that both the library—where Petitioner had been working—and the parking lot—where Petitioner was headed—belong to USC.

---

[1] According to the record, faculty members are free to park anywhere on USCL's campus, which, other than designated handicap parking, has only two categories of parking spaces: faculty and unmarked.  Although faculty members are *allowed* to park in the faculty-designated spaces, they are not *required* to do so.  Indeed, because of the limited number of faculty-designated spaces, faculty members are often unable to park in those spots.

[2] USCL is a regional campus within the USC system.  Recognizing this relationship, and for the sake of consistency with the case caption, we refer to Petitioner's employer as USC.  When describing the physical campus where Petitioner worked, however, we continue to refer to USCL.

Petitioner sought workers' compensation benefits from her employer and its insurer, State Accident Fund (collectively, Respondents). Respondents, relying on the going and coming rule, denied Petitioner's injuries were compensable, on the basis Petitioner was injured away from USC's property.

Petitioner appeared before a single commissioner (the Commissioner), who found Petitioner's injuries were not compensable. In so finding, the Commissioner relied upon this Court's opinion in *Howell v. Pacific Columbia Mills*, 291 S.C. 469, 354 S.E.2d 384 (1987), which the Commissioner found to be controlling. In *Howell*, we held that a millworker did not suffer a compensable injury when she was struck by a car while crossing a public street via a crosswalk that connected an employer-maintained parking lot with one of the mill's main entrances. *Id.* at 471–74, 354 S.E.2d at 385–86. Because Petitioner's injuries also occurred on a public street over which her employer exercised no control, the Commissioner concluded those injuries were not compensable.

Upon review by an appellate panel of the Workers' Compensation Commission (the Panel), Petitioner argued that the Commissioner erred in relying upon *Howell* because the employee in *Howell* never reached the employer's premises before being injured. Petitioner claimed her injuries arose under distinguishable circumstances—she had already reached her employer's property; moreover, she had not yet left her employer's property because the Street, although not owned by USC, is "so close in proximity and so close in relation so as to be in practical effect a part of [USC's] premises." The Panel acknowledged that *Howell* was factually distinguishable, but nevertheless rejected Petitioner's argument and upheld the Commissioner's ruling denying Petitioner's claim.

After the Panel rejected Petitioner's arguments, she appealed to the court of appeals. Petitioner claimed that because she was injured while traveling from one portion of USC's property to another, the Panel erred in denying her relief. The court of appeals disagreed and upheld the Panel's denial of coverage. *Davaut*, Op. No. 2015-UP-041. The court of appeals concluded that "substantial evidence" supported the Panel's determination that Petitioner's injuries "did not arise out of and in the course of her employment," in part because there were no faculty-designated spaces in the lot where Petitioner parked her car. *Id.*

Petitioner asks this Court to reverse the court of appeals and find that she suffered a compensable injury when she was struck by a vehicle while crossing a public street running through USCL's campus.

## II.

Petitioner argues the Commissioner, the Panel, and the court of appeals erred in accepting Respondents' contention that the going and coming rule controls this case. Consequently, Petitioner claims the Commissioner, the Panel, and the court of appeals erred in relying upon the going and coming rule to find that an employee injured traveling between two portions of her employer's premises while attempting to leave work does not suffer a compensable injury. We agree.

## A.

"Under the Administrative Procedures Act (APA), . . . . '[t]his Court will not overturn a decision by the [Workers' Compensation] Commission unless the determination is unsupported by substantial evidence.'" *Pollack v. S. Wine & Spirits of Am.*, 405 S.C. 9, 13–14, 747 S.E.2d 430, 432 (2013) (quoting *Jones v. Ga.-Pac. Corp.*, 355 S.C. 413, 416, 586 S.E.2d 111, 113 (2003)) (citing S.C. Code Ann. § 1-23-380(5) (Supp. 2015)). However, the Court "may reverse when the decision is affected by an error of law." *Id.* (citing S.C. Code Ann § 1-23-380(5)).

Because the facts are not in dispute, we are free to decide this case as a matter of law. *See Grant v. Grant Textiles*, 372 S.C. 196, 201, 641 S.E.2d 869, 872 (2007) ("Where there are no disputed facts, the question of whether an accident is compensable is a question of law." (citing *Douglas v. Spartan Mills*, 245 S.C. 265, 266, 140 S.E.2d 173, 173 (1965))). Therefore, we are not constrained by the "substantial evidence" standard of review that the court of appeals found limited its examination of this case. *See Pollack*, 405 S.C. at 13–14, 747 S.E.2d at 432 (citations omitted).

## B.

"Workers' compensation pays an employee benefits for damages resulting from personal injury or death by accident arising out of and in the course of the employment." *Bentley v. Spartanburg County*, 398 S.C. 418, 422, 730 S.E.2d 296, 298 (2012) (citing S.C. Code Ann. § 42-1-310 (2015)). "'Arising out of' refers to the origin of the cause of the accident; 'in the course of' refers to the time, place, and circumstances under which the accident occurred." *Baggott v. S. Music, Inc.*, 330 S.C. 1, 5, 496 S.E.2d 852, 854 (1998) (citing *Owings v. Anderson Cty. Sheriff's Dep't*, 315 S.C. 297, 299, 433 S.E.2d 869, 871 (1993); *Eargle v. S.C. Elec. & Gas Co.*, 205 S.C. 423, 429, 32 S.E.2d 240, 242 (1944)). "An injury occurs in the course of employment 'when it occurs within the period of employment at a place

where the employee reasonably may be in the performance of his duties and while fulfilling those duties or engaged in something incidental thereto.'" *Id.* (quoting *Beam v. State Workmen's Comp. Fund*, 261 S.C. 327, 331, 200 S.E.2d 83, 85 (1973)). "In determining whether a work-related injury is compensable, the Workers' Compensation Act is liberally construed toward providing coverage and any reasonable doubt as to the construction of the Act will be resolved in favor of coverage." *Whigham v. Jackson Dawson Commc'ns*, 410 S.C. 131, 135, 763 S.E.2d 420, 422 (2014) (citing *Shealy v. Aiken County*, 341 S.C. 448, 455–56, 535 S.E.2d 438, 442 (2000)).

Consistent with this rule of construction, we have recognized that

> employment includes not only the actual doing of the work, but a reasonable margin of time and space necessary to be used in passing to and from the place where the work is to be done. If the employee be injured while passing, with the express or implied consent of the employer, to or from his work by a way over the employer's premises, or over those of another in such proximity and relation as to be in practical effect a part of the employer's premises, the injury is one arising out of and in the course of the employment . . . .

*Williams v. S.C. State Hosp.*, 245 S.C. 377, 381, 140 S.E.2d 601, 603 (1965) (quoting *Bountiful Brick Co. v. Giles*, 276 U.S. 154, 158 (1928)) (internal quotation marks omitted). Thus, "[t]he act of leaving the employer's premises is 'in the course of' one's employment if the employee leaves the premises as contemplated at the close of the work day." *Camp v. Spartan Mills*, 302 S.C. 348, 350, 396 S.E.2d 121, 122 (Ct. App. 1990) (citing *Williams*, 245 S.C. at 381–82, 140 S.E.2d at 603). *Compare Williams*, 245 S.C. at 382, 140 S.E.2d at 603 (affirming an award of benefits to an employee injured walking from the hospital building where she worked to an employer-maintained parking lot provided for employee parking and describing the employee walking to the parking lot at the end of her workday as "a reasonable incident to [the employee] leaving the place of her work"), *with Camp*, 302 S.C. at 350, 396 S.E.2d at 122 (holding the Workers' Compensation Commission properly concluded an employee's "delay of four hours exceeded a reasonable margin of time for leaving her work place" and therefore the employee "was no longer in the course of her employment when she [was injured]" attempting to leave her employer's premises).

Nonetheless, this Court has long held that "an employee going to or coming from the place where his work is to be performed is not engaged in performing any

service growing out of and incidental to his employment." *Sola v. Sunny Slope Farms*, 244 S.C. 6, 14, 135 S.E.2d 321, 326 (1964). Therefore, "[t]he general rule in South Carolina is that an injury sustained by an employee away from the employer's premises while on his way to or from work does not arise out of and in the course of employment." *Howell*, 291 S.C. at 471, 354 S.E.2d at 385 (citing *Gallman v. Springs Mills*, 201 S.C. 257, 263, 22 S.E.2d 715, 717–18 (1942)). This is the well-known going and coming rule. *See, e.g.*, *Medlin v. Upstate Plaster Serv.*, 329 S.C. 92, 95–96, 495 S.E.2d 447, 449–50 (1998) (citations omitted) (discussing the rule but holding it did not preclude workers' compensation benefits under the facts of that case). However, there are several recognized exceptions to the going and coming rule, including where although an employee's injuries are incurred away from the employer's premises, "the place of injury was brought within the scope of employment by an express or implied requirement in the contract of employment of its use by the [employee] in going to and coming from his work." *Sola*, 244 S.C. at 14, 135 S.E.2d at 326 (citations omitted). We refer to this as "the fourth *Sola* exception." *See Howell*, 291 S.C. at 472 n.1, 354 S.E.2d at 385 n.1 (noting that "[t]his is the fourth exception to the going and coming rule" listed in *Sola*).

## III.

Respondents contend that Petitioner seeks relief under the fourth *Sola* exception, which was also at issue in *Howell*, and therefore our decision in that case is dispositive. Petitioner, however, argues her claim depends upon the framework set forth in *Williams* and a legal theory not addressed in *Howell*, namely, the divided premises rule. We agree with Petitioner and conclude that the Commissioner, the Panel, and the court of appeals erred as a matter of law in relying on *Howell*'s application of the going and coming rule to resolve this case.

## A.

In *Howell*, we concluded the going and coming rule supported the Workers' Compensation Commission's determination that an employee's injuries "did not arise out of and in the course of [her] employment." *Howell*, 291 S.C. at 470, 354 S.E.2d at 385. The employee in *Howell* was a millworker injured in a crosswalk that connected the mill with employer-maintained parking facilities. *Id.* at 471, 354 S.E.2d at 385. However, the employee was not traveling from the employer-maintained parking facilities to the mill when she was injured; rather, she had been dropped off by her husband and exited the car directly onto the public street, where she was then struck by a vehicle. *Id.*, *see also id.* at 474, 354 S.E.2d at 386 (noting

that the employee "was hit after she got out of her husband's car on a public street while on her way to work").  The employee was therefore injured going to work, and because she "failed to establish an implied requirement in her contract of employment that she cross the street in the crosswalk where the accident occurred," we rejected her contention that the fourth *Sola* exception brought her injuries within the course of her employment.  *Id.* at 472, 354 S.E.2d at 385–86.  We then expressly declined to consider the divided premises rule, which "relates to an employee going between an employer-maintained parking area and the employer's place of business," because the employee "had never even entered the parking area that was maintained by the employer" before she was injured.  *Id.* at 474, 354 S.E.2d at 386.

Whereas the employee in *Howell* was injured *before* ever reaching her employer's premises, and thus could only have prevailed by satisfying an exception to the going and coming rule, here Petitioner had already reached her employer's premises and was injured while traveling from one portion of the premises to another.  Thus, this case provides the Court an opportunity to address the question left unanswered in *Howell*: Is an employee's injury compensable when the employee is injured traveling between the employer's business and an employer-maintained parking lot located across a public thoroughfare?

Petitioner urges us to answer the above question in favor of compensability.  We agree employees injured in such circumstances are entitled to workers' compensation benefits; we therefore use this occasion to join the majority of jurisdictions that have adopted the divided premises rule.  *See Epler v. N. Am. Rockwell Corp.*, 393 A.2d 1163, 1167 & n.2 (Pa. 1978) (Pomeroy, J., concurring) (collecting cases and discussing the majority rule regarding employee travel along "a necessary route between two portions of the [employer's] premises"); 2 Lex K. Larson & Thomas A. Robinson, *Larson's Workers' Compensation Law* § 13.01[4][a] (2016) (stating that "compensation is almost always awarded" to employees injured "travel[ing] along or across a public road between two portions of the employer's premises"); *id.* § 13.01[4][b] (noting that "most courts . . . hold that an injury in a public street or other off-premises place between the plant and the [employer-owned or -maintained] parking lot is in the course of employment, being on a necessary route between the two portions of the premises").  Because this case implicates the divided premises rule in the context of an employer-maintained parking lot,[3] we specifically hold that "employees who must cross a

---

[3] In fact, some courts refer to this principle as the "parking lot exception" to the going and coming rule.  *See, e.g., Harrison v. Winn Dixie Stores, Inc.*, 542 S.E.2d

public way that bisects an employer's premises[,] and who are injured on that public way while traveling a direct route between an employer's . . . facility and parking lot, are entitled to workers' compensation benefits." *Copeland v. Leaf, Inc.*, 829 S.W.2d 140, 144 (Tenn. 1992).

## B.

Applying the standard expressed above to the undisputed facts of this case, it necessarily follows that Petitioner's injuries are compensable: Petitioner was injured attempting to leave her employer's premises by traveling a direct route from the library, where she had been reviewing résumés on behalf of her employer, to her car, which was located in an on-campus parking lot provided for employee and student parking. *Cf. Williams*, 245 S.C. at 382, 140 S.E.2d at 603 (affirming an award of benefits to an employee injured while "proceeding by the most direct route from the building where she worked to the employer[-]maintained parking area").

In short, because Petitioner was injured traveling between two portions of her employer's premises—the library and the parking lot—as anticipated at the end of her work day, her injuries are compensable, notwithstanding the fact she was injured while she was not physically on USC's property. Indeed, "[w]e find no

---

142, 144 (Ga. Ct. App. 2000) (noting the exception "provides that an employee remains within the course of employment when traveling from the place of work to an employer-owned or -controlled parking lot, even if the course of travel necessitates that the employee traverse a public road"). However, we do not view today's holding as creating another exception to the going and coming rule, which continues to preclude recovery for injuries incurred *before an employee reaches* and *after an employee leaves* her employer's premises. For purposes of workers' compensation, however, an employee crossing over a public street while going between two portions of her employer's premises has *already reached* and *not yet left* those premises; thus, the going and coming rule is inapplicable in the first instance. *See, e.g.*, *Epler*, 393 A.2d at 1165–67 (concluding a public road separating the employer's plant from a parking lot provided for employee parking was part of the employer's premises under the state's workers' compensation law (citations omitted)); *cf. Evans v. Coats & Clark*, 328 S.C. 467, 469, 492 S.E.2d 807, 808 (Ct. App. 1997) (finding "a common area situated in the lobby of the building that housed [the employee's] place of employment" was part of the employer's premises and therefore the going and coming rule did not preclude the employee's recovery of workers' compensation benefits (citations omitted)).

justification in logic or law which would support the conclusion that compensation should be denied, under the facts of the instant case, solely because the accident occurred while the claimant was crossing a public road." *Epler*, 393 A.2d at 1166; *accord Copeland*, 829 S.W.2d at 144 ("To allow coverage from the plant to the public street, to disallow coverage while crossing the street, and to allow coverage while walking in the parking lot to her automobile would appear inconsistent and illogical."); *cf. Williams*, 245 S.C. at 381, 140 S.E.2d at 603 ("The fact that the accident occurred shortly after the claimant had left her immediate place of work is not conclusive. A reasonable length of time must be given an employee to separate himself or herself from the place of work. The employment contemplated her entry upon and departure from the place of work as much as it contemplated her working there, and must include a reasonable interval of time for that purpose."); *Evans v. Coats & Clark*, 328 S.C. 467, 468–69, 492 S.E.2d 807, 807–08 (Ct. App. 1997) (finding an employee was entitled to workers' compensation benefits where she was injured in the lobby of the building where her employer was located even though the lobby was a common area not owned or controlled by the employer, reasoning that the lobby was effectively part of the employer's premises because it was an area over which the employer had a right of passage and it was along a route commonly used by employees to access and exit the work premises (citations omitted)).

Application of the divided premises rule is especially warranted where, as in the instant case, the employer creates the need for the employee to cross the public street. *See Epler*, 393 A.2d at 1168 (Pomeroy, J., concurring) (stating that a public road dividing the employer's property was properly considered part of the employer's premises because "the employer [wa]s responsible for creating the necessity of his employees' encountering the particular hazards of the trip between a non-contiguous parking lot and the working plant itself"); *accord Copeland*, 829 S.W.2d at 144 (noting "it was the employer who created the necessity of the employee's crossing a public street"). Moreover, it is of no moment that USC did not *require* Petitioner to use the parking lot across the Street from her worksite; what is relevant is that USC *allowed* her to and, once she did, the necessity of crossing the Street arose. *Cf. Longuepee v. Ga. Inst. of Tech.*, 605 S.E.2d 455, 457 (Ga. Ct. App. 2004) (holding that the employee's exercise of discretion in how she traveled from the employer-owned parking lot to her worksite did not remove her from the course of her employment where the employee took "a reasonably direct route to work from the parking facility"). Simply put, USC cannot avail itself of the benefits that come from providing its employees a place to park and then disclaim responsibility for the consequences of that decision. *Cf. Knight-Ridder Newspaper Sales, Inc. v. Desselle*, 335 S.E.2d 458, 459 (Ga. Ct. App. 1985) ("The

parking lot was provided by the employer for the convenience of the employer and of the employees, who were encouraged to use the lot. It is immaterial that the [employee] was not required to park in the lot. He did so on this occasion.").

We acknowledge, but ultimately reject, Respondents' argument that adoption of the divided premises rule will prove unworkable. Respondents presume that under this rule, so long as an employee is traveling between two portions of an employer's premises, injuries incurred during the journey will be compensable regardless of the reason for the travel or the route taken by the employee. Respondents' fear is misplaced, for nothing in today's opinion removes the requirement that for an employee's injuries to be compensable, the employee must be injured "in the performance of his [employment] duties and while fulfilling those duties or engaged in something incidental thereto." *Baggott*, 330 S.C. at 5, 496 S.E.2d at 854 (quoting *Beam*, 261 S.C. at 331, 200 S.E.2d at 85) (internal quotation marks omitted). Our holding today merely recognizes that an employee traveling along a reasonably necessary and direct route between two portions of the employer's premises is engaged in something incidental to the employment. *Cf. Williams*, 245 S.C. at 382, 140 S.E.2d at 603 ("The act of claimant in walking from the building where she worked to the parking area was just as much a reasonable incident to her leaving the place of her work as walking from the ward where she worked along a hallway to the door of the building."). Today's ruling also gives effect to the Court's broad construction of course of employment in *Williams*—if an employee who must cross a public street to travel from her worksite to an employer-maintained parking lot is not "passing, with the express or implied consent of the employer, . . . over [the premises] of another in such proximity and relation as to be in practical effect a part of the employer's premises," *id.* at 381, 140 S.E.2d at 603 (citation omitted), we do not know who is. *Cf. Evans*, 328 S.C. at 469, 492 S.E.2d at 808 (holding that common areas of the building where the employer is located may be considered parts of the employer's premises (citations omitted)).

Of course, determining whether an injury occurs in the course of employment remains an inherently fact-specific inquiry. *See, e.g.*, *Pierre v. Seaside Farms, Inc.*, 386 S.C. 534, 541, 689 S.E.2d 615, 618 (2010) (noting that "each case must be decided with reference to its own attendant circumstances" (quoting *Hall v. Desert Aire, Inc.*, 376 S.C. 338, 349, 656 S.E.2d 753, 759 (Ct. App. 2007)) (internal quotation marks omitted)). Our workers' compensation commissioners regularly determine whether the facts of a particular case give rise to a compensable injury, and we do not doubt they will be equally capable of applying the rule adopted in this case to deny meritless claims. *See, e.g.*, *Pratt v. Morris Roofing, Inc.*, 357 S.C. 619, 622, 594 S.E.2d 272, 274 (2004) ("The question of

whether an accident arises out of and is in the course and scope of employment is largely a question of fact for the full [Workers' Compensation C]ommission." (citing *Wright v. Bi-Lo, Inc.*, 314 S.C. 152, 155, 442 S.E.2d 186, 188 (Ct. App. 1994))); *cf. Armstrong v. Food Lion, Inc.*, 371 S.C. 271, 276, 639 S.E.2d 50, 52–53 (2006) (stating that to recover from a tortfeasor's employer under the doctrine of *respondeat superior*, a plaintiff must show the tortfeasor was acting in the scope of his employment by furthering his employer's business, otherwise employers are not vicariously liable for the actions of their employees (citing *Lane v. Modern Music, Inc.*, 244 S.C. 299, 304–05, 136 S.E.2d 713, 716 (1964))); *Adams v. S.C. Power Co.*, 200 S.C. 438, 441, 21 S.E.2d 17, 18–19 (1942) (recognizing that for purposes of *respondeat superior*, whether an employee was acting in the course of his employment is usually a question of fact for the jury (citations omitted)).

## IV.

We reverse the court of appeals and hold that when an employee crosses from one portion of her employer's property to another over a reasonably necessary and direct route, the employee remains in the course of her employment for purposes of workers' compensation.

This case is hereby remanded to the Workers' Compensation Commission for a determination of benefits.

**PLEICONES, C.J., BEATTY, HEARN, JJ., and Acting Justice James E. Moore, concur.**