**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Lettie Spencer, Employee, Appellant,

v.

NHC Parklane, Employer, and Premier Group Insurance Co., Inc., Carrier, Respondents.

Appellate Case No. 2015-002112

―――――――――――

Appeal From The Workers' Compensation Commission

―――――――――――

Unpublished Opinion No. 2017-UP-443
Heard October 3, 2017 – Filed November 29, 2017

―――――――――――

**REVERSED AND REMANDED**

―――――――――――

Andrew Wade Creech and Garrett Brendan Johnson, both of Elrod Pope Law Firm, of Rock Hill, for Appellant.

Clarke W. McCants, III, and Amy Patterson Shumpert, both of Nance, McCants & Massey, of Aiken, for Respondents.

―――――――――――

**PER CURIAM:** Lettie Spencer, a former employee of NHC Parklane, appeals the decision of the Appellate Panel of the Workers' Compensation Commission (Appellate Panel) awarding Spencer 21% partial disability of the lower back sustained from an admitted workplace injury on June 22, 2011. Spencer argues (1)

the Appellate Panel's decision is not supported by substantial evidence and (2) the Appellate Panel erred in failing to address her wage loss claim pursuant to section 42-9-20 of the South Carolina Code (2015). We reverse and remand.

## FACTS/PROCEDURAL HISTORY

On June 22, 2011, Spencer suffered an admitted lower back injury, affecting her left leg, with a resulting psyche injury while working for NHC Parklane as a Licensed Practical Nurse. Since her injuries, Spencer has been evaluated by a plethora of physicians.

She was initially evaluated by Dr. Randall Drye, who recommended physical therapy and pain management. For pain management, Spencer was treated by Dr. Tony Owens. Dr. Owens diagnosed Spencer with chronic pain syndrome, sacroiliac (SI joint) pain, and lower back pain in April 2012.

Spencer was then treated by Dr. William Lehman, an orthopedic surgeon. In April 2013, Dr. Lehman diagnosed Spencer with chronic lower back pain and severe depression with corresponding weight loss. At this time, Spencer weighed 103 pounds, 35 pounds less than her pre-injury weight. Dr. Lehman determined Spencer had reached Maximum Medical Improvement (MMI) and assigned her a 7% whole person impairment rating to her back, translating to a 9% regional lumbar spine impairment. Dr. Lehman also noted Spencer would need ongoing medication for pain management and severe depression.

In August 2013, at the behest of NHC, Spencer was referred to The Rehab Center Incorporated in Charlotte, North Carolina. At the conclusion of the comprehensive rehabilitation program, Dr. Kern Carlton released Spencer with "a rating of 8% of her back" and sedentary work restrictions. Dr. Carlton's finding was based off on functional capacity examination performed on October 2, 2013.

Dr. Sanjay Nandurkar, a pain management doctor, began treating Spencer in early 2013. In December 2013, Dr. Nandurkar determined Spencer had reached MMI and assigned a 13% whole person impairment resulting from her lower back injury affecting her left leg. Dr. Nandurkar diagnosed Spencer with lumbar radiculopathy, lumbar disc bulges, chronic pain syndrome, and lumbrosacral spondylosis. Additionally, Dr. Nandurkar recommended less than sedentary work.

In January 2014, Spencer underwent a second functional capacity evaluation, this time at the Columbia Rehabilitation Clinic. This evaluation concluded Spencer was limited to less than sedentary work.

In February 2014, Spencer was examined by Leanna Hollenbeck, a Vocational Rehabilitation Counselor. Hollenbeck concluded Spencer could not work at all and "will remain permanently disabled for the rest of her life." Hollenbeck believed Spencer had sustained a 70% loss of wage. However, Hollenbeck opined Spencer had suffered a 100% loss based on Spencer's "less then sedentary work restriction, combined with her age, chronic high pain level, emotion and cognitive instability and her lack of transferable skills."

Dr. Patrick Mullen performed an Independent Medical Evaluation to assess Spencer's psychiatric condition in February 2014. Dr. Mullen concluded that Spencer's depression and pain "make her more than 50% or 60% disabled[—]but even that may be a low estimate." However, Dr. Mullen further stated, "if you want to measure it, she cannot work at all and she will remain permanently disabled for the rest of her life."

Spencer filed a Form 50 seeking permanent and total disability pursuant to section 42-9-10 (general disability) or section 42-9-30 (scheduled member disability) of the South Carolina Code (2015). In the alternative, Spencer sought partial wage loss under section 42-9-20 (partial disability) of the South Carolina Code (2015). NHC filed a Form 51 denying permanent and total disability and seeking a determination of compensation for partial disability pursuant to section 42-9-30.

At the hearing in September 2014, the single commissioner found Spencer had "sustained permanent partial disability to the back in the amount of 21%" under section 42-9-30. The single commissioner did not make any findings of fact regarding Spencer's alternative wage loss claim. Spencer appealed to the Appellate Panel, who affirmed the ruling of the single commissioner. This appeal followed.

## ISSUES ON APPEAL

1. Is the Appellate Panel's finding that Spencer suffered only a 21% partial disability to her lower back supported by substantial evidence?

2. Did the Appellate Panel err in failing to address Spencer's wage loss claim under section 42-9-20?

## STANDARD OF REVIEW

An appellate court may reverse or modify a decision by the Appellate Panel if it "is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence." *Brunson v. Am. Koyo Bearings*, 395 S.C. 450, 455, 718 S.E.2d 755, 758 (Ct. App. 2011); *accord* S.C. Code Ann. § 1-23-380(5)(d)–(e) (Supp. 2017).  Substantial evidence is "not a mere scintilla of evidence nor the evidence viewed blindly from one side of the case, but is evidence [that], considering the record as a whole, would allow reasonable minds to reach the conclusion that [the Appellate Panel] reached or must have reached" to support its order.  *Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 135, 276 S.E.2d 304, 306 (1981) (quoting *Law v. Richland Cty. Sch. Dist. No. 1*, 270 S.C. 492, 495–96, 243 S.E.2d 192, 193 (1978)).

The Appellate Panel "is the ultimate fact finder in Workers' Compensation cases and is not bound by the single commissioner's findings of fact." *Hall v. Desert Aire, Inc.*, 376 S.C. 338, 348, 656 S.E.2d 753, 758 (Ct. App. 2007).  When "there are conflicts in the evidence over a factual issue, the findings of the Appellate Panel are conclusive." *Id.*  An appellate court "may not substitute its judgment for the judgment of the agency as to the weight of the evidence on questions of fact." S.C. Code Ann. § 1-23-380(5) (Supp. 2017).  However, as to questions of law, workers' compensation law is to be liberally construed in favor of coverage while restrictions and exceptions are to be strictly construed.  *See James v. Anne's Inc.*, 390 S.C. 188, 198, 701 S.E.2d 730, 735 (2010).  Additionally, an appellate court is free to decide a workers' compensation case as a matter of law when the facts are not in dispute.  *See Davaut v. Univ. of S.C.*, 418 S.C. 627, 632, 795 S.E.2d 678, 681 (2016) ("Because the facts are not in dispute, we are free to decide this [workers' compensation] case as a matter of law.").

## LAW/ANALYSIS

### I.  Finding of Partial Disability

Spencer argues substantial evidence does not support the Appellate Panel's finding that she suffered a 21% impairment to her back and was not totally disabled. We agree.

South Carolina allows an injured employee to receive disability compensation under three methods: (1) total disability under section 42-9-10 of the South Carolina Code (2015); (2) partial disability under section 42-9-20 of the South Carolina Code

(2015); and alternatively, (3) scheduled disability under section 42-9-30 of the South Carolina Code (2015). *Colonna v. Marlboro Park Hosp.*, 404 S.C. 537, 544, 745 S.E.2d 128, 132 (Ct. App. 2013). An employee with one scheduled injury is limited to recovery under the scheduled member statute. *Id.* at 545, 745 S.E.2d at 133.

However, an employee "is not limited to scheduled benefits . . . if he or she can show additional injuries beyond a lone scheduled injury." *Id.* This rule is based on the common-sense notion "that, when two or more scheduled injuries [or a scheduled and non-scheduled injury] occur together, the disabling effect may be far greater than the arithmetical total of the schedule allowances added together." *Id.* (alteration in original) (quoting *Wigfall v. Tideland Utils., Inc.*, 354 S.C. 100, 106–07, 580 S.E.2d 100, 103 (2003)). An award of compensation under the general disability statutes, rather than the scheduled member statute, is appropriate when an employee has suffered an injury to a scheduled member with a resulting mental injury, such as depression.[1] *See Bass v. Kenco Grp.*, 366 S.C. 450, 462–64, 622 S.E.2d 577, 583–84 (Ct. App. 2005).

We find the Appellate Panel's award of compensation under the scheduled member statute was an error of law. The Appellate Panel awarded disability pursuant to the scheduled member statute despite NHC's admission, and the Appellate Panel's finding, that Spencer had suffered "injuries to her lower back and psyche." Pursuant to *Colonna* and *Bass*, an award under the general disability statutes is proper when an employee suffers a physical injury with a resulting mental injury. Because the undisputed facts show Spencer injured her lower back, affecting her left leg, with resulting depression, we find the Appellate Panel's award of compensation under the scheduled member statute was an error of law. *See Davaut*, 418 S.C. at 632, 795 S.E.2d at 681 (deciding a workers' compensation case as a matter of law because the facts were not in dispute).

Additionally, we find the Appellate Panel's decision that Spencer is not totally disabled is unsupported by substantial evidence because, examining the record as a whole, including the overwhelming medical evidence, no reasonable mind could have reached the conclusion that Spencer is anything but permanently and totally disabled. *See Lark*, 276 S.C. at 135, 276 S.E.2d at 306 (holding "substantial

---

[1] *See* 4 Lex K. Larson, *Larson's Workers' Compensation* § 56.03[1] (Matthew Bender, Rev. Ed.) ("[W]hen there had been a physical accident or trauma, and claimant's disability is increased or prolonged by traumatic neurosis . . . it is now uniformly held that the full disability[,] including the effects of the neurosis[,] is compensable.").

evidence" is evidence that "*considering the record as a whole*, would allow *reasonable* minds to reach the conclusion that [the Appellate Panel] reached or must have reached" to support its order (emphases added)).

"'[T]otal disability' does not require complete, abject helplessness. Rather, it is an inability to perform services other than those that are so limited in quality, dependability, or quantity that no reasonably stable market exists for them." *McCollum v. Singer Co.*, 300 S.C. 103, 107, 386 S.E.2d 471, 474 (Ct. App. 1989). An employee's ability to perform limited tasks or earn nominal wages does not prevent a finding of total disability. *Stephenson v. Rice Servs., Inc.*, 323 S.C. 113, 118, 473 S.E.2d 699, 702 (1996) ("Employees who because of a work-related injury can perform only limited tasks for which no reasonably stable market exists are considered totally disabled notwithstanding their nominal earning capacity."); *McCollum*, 300 S.C. at 107, 386 S.E.2d at 474 ("Evidence that [an employee] has been able to earn occasional wages or perform certain kinds of gainful work does not necessarily rule out a finding of total disability or require that it be reduced to partial." (quoting *Colvin v. E.I. Du Pont De Nemours Co.*, 227 S.C. 465, 474, 88 S.E.2d 581, 585 (1955)). Evidence showing an employee can drive, walk for short durations, or shop does not discount that employee's disability; rather, it merely shows the employee is not helpless. *See McCollum*, 300 S.C. at 107, 386 S.E.2d at 474 (finding an employee's "ability to drive a car for an hour, walk for ten minutes[,] and go shopping" merely showed the employee was not helpless and did not dissuade the court's view that there was substantial evidence supporting the Appellate Panel's decision that the employee was permanently and totally disabled).

The Appellate Panel's finding that Spencer was not totally disabled was based on video evidence of Spencer performing various tasks. The video depicts Spencer driving by herself, shopping, running errands, mowing her grass on a riding lawnmower, as well as sweeping the floor and bookkeeping/paying bills at her son's now-defunct business. Based on this evidence, the Appellate Panel found Spencer was "physically active to a significant degree" and had not shown total incapacity for work. However, this evidence does not negate a finding of total disability and only shows Spencer is not helpless. *See McCollum*, 300 S.C. at 107, 386 S.E.2d at 474. Admittedly, the Appellate Panel has discretion to weigh the evidence. However, to allow the Appellate Panel to find certain evidence *does not* negate a finding of total disability in one circumstance and find that same evidence *does* negate a finding of total disability in another circumstance, would be to allow the Appellate Panel to arbitrarily exercise its discretion. *See* § 1-23-380(5)(f) ("The court may reverse or modify the decision [of the Appellate Panel] if substantial rights of the appellant have been prejudiced because the administrative findings,

inferences, conclusions, or decisions are . . . arbitrary or capricious . . . or [a] clearly unwarranted exercise of discretion.").

Furthermore, the Appellate Panel reached its decision by discrediting the opinions of Dr. Mullen and Hollenbeck, reasoning the opinions should be given less evidentiary weight due to the inaccurate information Spencer provided. Dr. Mullen's report contained an inaccurate marital status for Spencer and stated Spencer had experienced only minor medical problems and had never received psychiatric care. However, NHC introduced Spencer's medical records pre-dating her workplace injury indicating Spencer had previously suffered from depression and chronic pain. Additionally, Spencer reported to Hollenbeck she is in agony by 5:00 p.m. after little physical activity and uses a cane when she leaves her home. However, NHC introduced video surveillance of Spencer not using a cane in one instance while outside of her house.

The Appellate Panel's reliance on Spencer withholding her pre-existing conditions from Dr. Mullen to discredit his assessment of Spencer's psychiatric condition ignores a cornerstone of workers' compensation law—an employee is entitled to compensation as long as there is a greater disability than otherwise would have existed simply due to the combined effects of an injury and pre-existing condition. *See Bartley v. Allendale Cty. Sch. Dist.*, 392 S.C. 300, 309, 709 S.E.2d 619, 623 (2011) ("There is no requirement that the pre-existing condition aggravated the injury, or that the injury aggravated the pre-existing condition so long as there is a greater disability [than otherwise would have existed] simply from the 'combined effects' of the injury and the pre-existing condition." (quoting *Ellison v. Frigidaire Home Prods.*, 371 S.C. 159, 164, 638 S.E.2d 664, 666 (2006))). Considering Spencer's uncontroverted ability to perform her job uninhibited with her pre-existing impairments prior to the workplace injury, the fact that Spencer provided certain inaccurate information does not wholly deprive Dr. Mullen's opinion of probative value.

## II. Wage Loss Claim

Spencer argues the Appellate Panel erred in failing to address her wage loss claim. However, in light of this court's disposition on the previous issue, it is not necessary to address Spencer's remaining assignment of error. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) ("[An] appellate court need not address remaining issues when [resolution] of prior issue is dispositive.").

We reverse and remand for a determination of Spencer's compensation consistent with this opinion.

**REVERSED AND REMANDED.**

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**