**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Naomi Lynn Bridges, Appellant,

v.

Harbour Town Surf Shop, LLC and South Carolina Workers' Compensation Uninsured Employers' Fund, Respondents.

Appellate Case No. 2022-000600

———————

Appeal From The Workers' Compensation Commission

———————

Unpublished Opinion No. 2024-UP-258
Heard April 3, 2024 – Filed July 17, 2024

———————

**AFFIRMED**

———————

Warren Paul Johnson, of Law Office of Darrell Thomas Johnson Jr., LLC, and Joshua Reece Fester, both of Hardeeville, for Appellant.

Michael W. Mogil, of Law Office of Michael W. Mogil, P.A., of Hilton Head Island, for Respondent Harbour Town Surf Shop, LLC.

Timothy Blair Killen, of Holder, Padgett, Littlejohn & Prickett, LLC, of Mount Pleasant, for Respondent South

Carolina Workers' Compensation Uninsured Employers' Fund.

_____

**PER CURIAM:** In this workers' compensation action, Naomi Lynn Bridges appeals the Appellate Panel of the South Carolina Workers' Compensation Commission's (Appellate Panel's) order finding her claim was not compensable. Bridges argues the Appellate Panel erred in (1) determining she had the burden to prove she was acting within the course and scope of her employment when she fell from a ladder while at work; (2) finding the evidence established she left the sphere of her employment by violating specific orders not to climb the ladder; (3) finding the greater weight of the evidence supported that she suffered from a preexisting injury or condition and she failed to meet her burden of proving she had suffered an injury in the course and scope of her employment; and (4) calculating her average weekly wage and compensation rate. We affirm.

1. Bridges, as the claimant, had the burden to prove she was acting within the course and scope of her employment.[1] *See Crisp v. SouthCo., Inc,*, 401 S.C. 627, 641, 738 S.E.2d 835, 842 (2013) ("Pursuant to section 42-1-160(A) of the South Carolina Code, for an injury to be compensable under the [Workers' Compensation] Act, it must be 'an injury by accident' and 'aris[e] out of and in the course of employment.'" (second alteration in original) (quoting S.C. Code Ann. § 42-1-160(A) (Supp. 2011))); *Gibson v. Spartanburg Sch. Dist. # 3*, 338 S.C. 510,

---

[1] Bridges provides no support for her arguments that the question of whether an employee was acting in the course and scope of her employment was a jurisdictional question. Additionally, she provides no specific support for the argument that asserting an employee is acting outside her scope is an affirmative defense, which would place the burden on the employer. Accordingly, these arguments are abandoned. *See R & G Constr., Inc. v. Lowcountry Reg'l Transp. Auth.*, 343 S.C. 424, 437, 540 S.E.2d 113, 120 (Ct. App. 2000) ("An issue is deemed abandoned if the argument in the brief is only conclusory."); *Med. Univ. of S.C. v. Arnaud*, 360 S.C. 615, 620, 602 S.E.2d 747, 750 (2004) (deeming issues abandoned when the arguments on those issues were conclusory); *First Sav. Bank v. McLean*, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (finding the failure to provide arguments or supporting authority for an issue renders it abandoned); *State v. Colf*, 332 S.C. 313, 322, 504 S.E.2d 360, 364 (Ct. App. 1998) (finding a conclusory, two-paragraph argument that cited no authority other than an evidentiary rule was abandoned), *aff'd as modified on other grounds*, 337 S.C. 622, 525 S.E.2d 246 (2000).

518, 526 S.E.2d 725, 729 (Ct. App. 2000) ("The question of whether an accident arises out of and is in the course and scope of employment is largely a question of fact for the Appellate Panel."); *Crisp*, 401 S.C. at 641, 738 S.E.2d at 842 ("The claimant has the burden of proving facts that will bring the injury within the workers' compensation law . . . ." (quoting *Clade v. Champion Lab'ys*, 330 S.C. 8, 11, 496 S.E.2d 856, 857 (1998))); *Houston v. Deloach & Deloach*, 378 S.C. 543, 553, 663 S.E.2d 85, 90 (Ct. App. 2008) ("The question of whether an injury arises out of and is in the course and scope of employment is largely a question of fact for the . . . [A]ppellate [P]anel."); *Pilgrim v. Eaton*, 391 S.C. 38, 48, 703 S.E.2d 241, 246 (Ct. App. 2010) ("Our courts have frequently stated that the burden of proof is on the claimant to prove facts which will bring the injury under the coverage of the Workers' Compensation Act. These cases generally place the burden on a claimant to prove the injury is compensable." (citations omitted)); *Wright v. Bi-Lo, Inc.*, 314 S.C. 152, 155, 442 S.E.2d 186, 188 (Ct. App. 1994) ("Our review of factual issues is limited to whether substantial evidence supports the decision of the [Appellate Panel]."); *Stone v. Traylor Bros.*, 360 S.C. 271, 274, 600 S.E.2d 551, 552 (Ct. App. 2004) (providing that in workers' compensation cases, this court may not substitute its judgment for that of the Appellate Panel as to the weight of the evidence on questions of fact but may reverse when an error of law affects the decision); *Frame v. Resort Servs. Inc.*, 357 S.C. 520, 527, 593 S.E.2d 491, 494 (Ct. App. 2004) (stating the substantial evidence rule governs the standard of review in a workers' compensation decision); *Shuler v. Gregory Elec.*, 366 S.C. 435, 439-40, 622 S.E.2d 569, 571 (Ct. App. 2005) (providing this court must affirm the Appellate Panel's decision as to whether an injury arose out of and was in the scope of employment if substantial evidence in the record supported it because that determination was a question of fact).

2. Substantial evidence supports the Appellate Panel's determination Bridges left the sphere of her employment by violating specific orders not to climb the ladder. The Appellate Panel found Bridges's employer limited the scope of her employment with his instructions. Bridges's employer and coworkers testified the employer instructed her to not use the ladder on the day she fell. Accordingly, substantial evidence supports the Appellate Panel's finding that the employer limited the scope of Bridges's employment. *See Pratt v. Morris Roofing, Inc.*, 357 S.C. 619, 623, 594 S.E.2d 272, 274 (2004) ("When an employer limits the scope of employment by specific prohibitions, injuries incurred while violating these prohibitions are not in the scope of employment and, therefore, not compensable."); *Wright*, 314 S.C. at 155, 442 S.E.2d at 188 ("'[N]ot every violation of an order given to a workman will necessarily remove him from the protection of the Workmen's Compensation Act. . . . "Certain rules concern the

conduct of the workman within the *sphere of his employment*, while others *limit the sphere itself.* A transgression of the former class leaves the scope of his employment unchanged, and will not prevent the recovery of compensation, while a transgression of the latter sort carries the workman outside of the sphere of his employment and compensation will be denied."'" (alteration and omission in original) (quoting *Johnson v. Merchs. Fertilizer Co.*, 198 S.C. 373, 378-79, 17 S.E.2d 695, 697-98 (1941))); *Davaut v. Univ. of S.C.*, 418 S.C. 627, 640, 795 S.E.2d 678, 685 (2016) ("[D]etermining whether an injury occurs in the course of employment remains an inherently fact-specific inquiry."); *Crisp*, 401 S.C. at 641, 738 S.E.2d at 842 ("The claimant has the burden of proving facts that will bring the injury within the workers' compensation law . . . ." (quoting *Clade*, 330 S.C. at 11, 496 S.E.2d at 857)); *Palmetto All., Inc. v. S.C. Pub. Serv. Comm'n*, 282 S.C. 430, 432, 319 S.E.2d 695, 696 (1984) ("[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence."); *Shealy v. Aiken County*, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000) (providing that the Appellate Panel is the ultimate finder of fact).

3. The Appellate Panel did not find Bridges suffered from a preexisting injury or condition. The Appellate Panel's finding regarding Bridges's prior injury was made to explain why she was instructed to not use the ladder. The testimony from other employees that Bridges was injured when she returned from vacation and on the day she fell from the ladder provides substantial evidence to support this finding. *See Palmetto All., Inc.*, 282 S.C. at 432, 319 S.E.2d at 696 ("[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence."); *Shealy*, 341 S.C. at 455, 535 S.E.2d at 442 (stating the Appellate Panel is the ultimate finder of fact); *Hargrove v. Titan Textile Co.*, 360 S.C. 276, 290, 599 S.E.2d 604, 611 (Ct. App. 2004) (providing that when the evidence conflicts for a factual issue, the Appellate Panel's findings are conclusive); *Bass v. Kenco Grp.*, 366 S.C. 450, 458, 622 S.E.2d 577, 581 (Ct. App. 2005) ("The final determination of witness credibility and the weight to be accorded evidence is reserved to the [A]ppellate [P]anel."). The Appellate Panel did not find Bridges's injury was uncompensable because she was already injured; it found that because she disregarded Employer's instructions, which led to her injury, she was outside the sphere of employment when her injury occurred and thus, the injury was not compensable. Thus, Bridges failed to meet her burden of proving she had suffered an injury in the course and scope of her employment. *See Pratt*, 357 S.C. at 623, 594 S.E.2d at 274 ("When an employer limits the scope of employment by specific prohibitions, injuries incurred while violating these prohibitions are not in the

scope of employment and, therefore, not compensable."); *Davaut*, 418 S.C. at 640, 795 S.E.2d at 685 ("[D]etermining whether an injury occurs in the course of employment remains an inherently fact-specific inquiry."); *Shealy*, 341 S.C. at 455, 535 S.E.2d at 442 (providing that the Appellate Panel is the ultimate finder of fact).

4. Substantial evidence supports the Appellate Panel's determination Bridges did not sustain a compensable injury because she left the sphere of her employment. Therefore, we need not address whether the Appellate Panel incorrectly calculated Bridges's average weekly wage and compensation rate. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (providing an appellate court need not address the remaining issues when its determination of a prior issue is dispositive of those remaining issues).

**AFFIRMED.**

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**