1404

Jessie Mae HOLSTON, Employee, Respondent v. ALLIED CORPORATION, Employer, and The Travelers Indemnity Company, Carrier, Appellants.

(386 S. E. (2d) 793)

Court of Appeals

*Ernest J. Nauful, Jr.,* Columbia, *for appellants.*

*J. Marvin Mullis, Jr.,* Columbia, *for respondent.*

Heard Oct. 16, 1989.

Decided Oct. 30, 1989.

SHAW, Judge:

Respondent-employee, Jessie Mae Holston, was injured in an automobile accident while leaving appellant-employer's parking lot. The single Commissioner denied Ms. Holston's claim finding the injury did not arise out of and in the course and scope of employment. The full Commission reversed the single Commissioner and the circuit court affirmed the reversal. The employer appeals. We affirm.

The facts of this case are undisputed. On November 22, 1986, after completing her normal work responsibilities for Allied Corporation, Ms. Holston left the plant, walked through her employer's parking lot, got into her vehicle, backed out of the parking space, began her movements forward to exit the parking lot on her way home and was struck in the rear by a vehicle owned and operated by a fellow employee who, likewise, was leaving work. The parking lot is owned, maintained and controlled by Allied Corporation and provided as a convenience for employee parking. Because of the physical location of the plant, it would be impractical for employees to park anywhere other than in the employee parking lot.

There are two issues for consideration on appeal: (1) whether the circuit court erred in granting a review of the appeal where the employee failed to fully set forth the grounds of her appeal when appealing to the full Commission from the single Commissioner's order and (2) whether the trial judge erred in finding the employee's injury arose out of and in the course and scope of her employment.

Regulation 67-16 of the South Carolina Workers' Compensation Commission provides:

> In all cases where an appeal is made to the full Commission, the grounds for appeal must be set out fully in detail ...

In excepting to the single Commissioner's findings, the employee alleged the single Commissioner erred in "finding there was no injury arising in and out of the scope and cause of employment" and "finding there was no compensable injury even though the evidence clearly establishes otherwise."

The employer contends the employee's exceptions to the full Commission violated this regulation such that the Com-

mission never should have even considered the appeal. We disagree.

> Rule 4, Section 6 of the Rules of the Supreme Court, governing appeals to this court and our Supreme Court, provides, in part:

> Each exception must contain a concise statement of one proposition of law or fact which this Court is asked to review, and the same assignment of error should not be repeated. Each exception must contain within itself a complete assignment of error, and a mere reference therein to any other exception then or previously taken, or request to charge will not be considered.

While we are not asked to distinguish between Regulation 67-16 and the Supreme Court rule, we note the rule appears to be stricter than the regulation. While these exceptions appear to be technically in violation of Regulation 67-16 and certainly would be considered in violation of Supreme Court Rule 4, Section 6, we hold the issue raised was reasonably clear from the employee's arguments and was ruled on by the single Commissioner. *See Ramage v. Ramage,* 283 S. C. 239, 322 S. E. (2d) 22 (Ct. App. 1984) and *Southern Welding Works, Inc. v. K & S Construction Co.,* 286 S. C. 158, 332 S. E. (2d) 102 (Ct. App. 1985). The issue sought to be raised by the exceptions could readily be determined and was meritorious. *See Brown v. Howell,* 284 S. C. 605, 327 S. E. (2d) 659 (Ct. App. 1985). Indeed, a review of the record shows both parties understood this to be the basic point of contention.

As to the issue of whether the injury arose out of and in the course of employment, we find this case falls squarely within *Williams v. S. C. State Hospital,* 245 S. C. 377, 140 S. E. (2d), 601 (1965). In *Williams,* the employee slipped and fell in the employer's parking lot while walking to her car to leave the premises after work. Our Supreme Court found the injury compensable, noting that, while generally an injury sustained by an employee on his way to or from work and away from the premises of the employer does not arise out of and in the course of employment, such rule does not apply in a case where the injury is sustained on the premises controlled by the employer. The Court expressly adopted the following rule announced in *Bountiful Brick Co. v. Giles,* 276

U. S. 154, 48 S. Ct. 221, 72 L. Ed. 507 (1928).

> [E]mployment includes not only the actual doing of the work, but a reasonable margin of time and space necessary to be used in passing to and from the place where the work is to be done. If the employee be injured while passing, with the express or implied consent of the employer, to or from his work by a way over the employer's premises, ... the injury is one arising out of and in the course of the employment as much as though it had happened while the employee was engaged in his work at the place of its performance.

The court in *Williams,* 140 S. E. (2d) at 603 went on to state the fact the accident occurred shortly after leaving work was not conclusive and that a reasonable length of time must be given for the employee to separate himself or herself from the work place.

> The employment contemplated her entry upon and departure from the place of work as much as it contemplated her working there, and must include a reasonable interval of time for that purpose. It is true that an accidental injury is not rendered compensable by the mere fact that it occurred on the employer's premises; but the fact that the claimant was rightfully upon the premises controlled by the employer, as a result of her employment, and was leaving over the employer's premises as contemplated at the close of the day's work, made the act of leaving "in the course of" her employment.

> *Williams* draws no distinction between exiting the employer's premises by way of car and by way of foot.

The act of exiting the employer's premises by way of her automobile was a reasonable incident to her leaving the place of her work and the injury therefore resulted from a risk reasonably incident to her employment and "arose out of" the employment.

We hold the record supports the finding of the Commission, and affirmed by the Circuit Court, that the injury arose out of and in the course of Ms. Holston's employment. The order below is

Affirmed.

BELL and CURETON, JJ., concur.