**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Christine Tedder, Claimant, Appellant,

v.

Harris Teeter, Employer, and Ace American Insurance Co., Carrier, Respondents.

Appellate Case No. 2024-001685

Appeal From The Workers' Compensation Commission

Unpublished Opinion No. 2026-UP-176
Submitted April 1, 2026 – Filed April 15, 2026

**REVERSED AND REMANDED**

Andrew Nathan Safran, of Andrew N. Safran, LLC, of Columbia; and Robert Clyde Limehouse, III, of Christmas Law Firm, LLC, of Mount Pleasant, both for Appellant.

Johnnie W. Baxley, III, and William H. Lyon, both of Willson Jones Carter & Baxley, P.A., of North Charleston, for Respondents.

**PER CURIAM:** Christine Tedder appeals the Appellate Panel of the South Carolina Workers' Compensation Commission's (Appellate Panel's) order reversing

the single commissioner's award of disability compensation and medical benefits arising from her claim against Harris Teeter and Ace American Insurance Co. (collectively, Respondents).  On appeal, Tedder argues the Appellate Panel erred in (1) vacating Findings of Fact 4, 6, and 7 because Respondents failed to properly preserve them for review by the Appellate Panel; (2) finding her injury did not arise out of the course and scope of her employment at Harris Teeter, despite Harris Teeter directing her to park in designated areas of the parking lot, which brought that parking area within the implied requirements of her job and scope of her employment; and (3) finding her injury did not arise out of the course and scope of her employment at Harris Teeter despite the parking lot being within the reasonable margin of time and space of her employment.  We reverse the order of the Appellate Panel, reinstate the order of the single commissioner, and remand for proceedings consistent with this opinion pursuant to Rule 220(b), SCACR.

1.  We hold the Appellate Panel erred in reviewing Findings of Fact 4, 6, and 7 because Respondents failed to raise specific, individual exceptions to these findings by the single commissioner, and thus they were not preserved for appellate review.  *See Hilton v. Flakeboard Am. Ltd.*, 418 S.C. 245, 249, 791 S.E.2d 719, 721 (2016) ("Only issues raised to the Commission within the application for review of the single commissioner's order are preserved for review."); S.C. Code Ann. Regs. 67-701(A)(3), (A)(3)(a) (2012) (providing that to request Appellate Panel review of a single commissioner's decision, "[t]he grounds for appeal must be set out in detail on the Form 30 in the form of questions presented" and "[e]ach question presented must be concise and concern one finding of fact, conclusion of law, or other proposition the appellant believes is in error"); *Holston v. Allied Corp.*, 300 S.C. 174, 176, 386 S.E.2d 793, 794 (Ct. App. 1989) (noting that to be preserved for appellate review, an issue raised within an exception must be reasonably clear and ruled upon by the single commissioner); *id.* (finding an employee's broad exception was preserved for the appellate panel's review because the specific exception "was reasonably clear from the employee's arguments and was ruled on by the single [c]ommissioner"); *Hilton*, 418 S.C. at 250, 791 S.E.2d at 722 ("[The supreme court] has also held that general exceptions, such as 'the commission erred in making an award,' are too ambiguous to fulfill the notice requirements of due process and do not preserve an issue for review.").

2.  We hold the Appellate Panel erred in finding Tedder's injuries did not arise out of and in the scope of her employment because Finding of Fact 4—Harris Teeter directed Tedder and other employees to park in designated areas so customers could use the spaces closest to the entrance—and Finding of Fact 7—Respondents' argument that Tedder could have parked anywhere in the parking lot was not

persuasive—are the law of the case and established that, although Tedder was injured off Harris Teeter's premises, the parking lot where she was injured was brought within the scope of her employment by Harris Teeter's express requirement that employees park there.[1] *See Lockridge v. Santens of Am., Inc.*, 344 S.C. 511, 515, 544 S.E.2d 842, 844 (Ct. App. 2001) ("The Administrative Procedures Act establishes the standard of review for decisions by the South Carolina Workers' Compensation Commission."); *id.* ("Any review of the commission's factual findings is governed by the substantial evidence standard."); *id.* ("Substantial evidence is evidence that, in viewing the record as a whole, would allow reasonable minds to reach the same conclusion that the full commission reached."); *id.* ("Furthermore, neither this court nor the circuit court may substitute its judgment for that of the agency as to the weight of the evidence on questions of fact but may reverse if the decision is affected by an error of law."); *Williams v. S.C. State Hosp.*, 245 S.C. 377, 380, 140 S.E.2d 601, 602 (1965) ("To sustain an award under the [Worker's] Compensation Act, it must appear that the injury resulted from an accident which both 'arose out of' and 'in the course of' the employment."); *Howell v. Pac. Columbia Mills*, 291 S.C. 469, 471, 354 S.E.2d 384, 385 (1987) ("The general rule in South Carolina is that an injury sustained by an employee away from the employer's premises while on his way to or from work does not arise out of and in the course of employment."); *Sola v. Sunny Slope Farms*, 244 S.C. 6, 14, 135 S.E.2d 321, 326 (1964) (finding that exceptions to the coming and going rule including: "[t]hat such injury incurred by a workman in the course of his travel to his place of work and not on the premises of his employer but in close proximity thereto is not compensable unless the place of injury was brought within the scope of employment by an express or implied requirement in the contract of employment of its use by the servant in going to and coming from his work").

**REVERSED AND REMANDED.**[2]

**THOMAS, MCDONALD, and TURNER, JJ., concur.**

---

[1] Because the resolution of this issue is dispositive, we need not address the remaining issue on appeal. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (finding an appellate court need not address remaining issues when the decision of a prior issue is dispositive).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.